## DANIEL WILKINS *versus* HENRY WARREN *&* al.

A person commenced an action, and during its pendency became a bankrupt under the U. S. bankrupt act of 1841, and afterwards failed to support his action, and judgment was rendered against him for costs of suit, his bankruptcy not being then interposed by him as an objection — in an action of debt upon that judgment, his bankruptcy furnishes him with no defence.

THE present defendants, Warren and Brown, brought a suit against Wilkins, the present plaintiff, which was entered in this Court at the October Term, 1839, having been previously commenced in the court of common pleas, and an appeal entered. It was tried at the October Term, 1840, and a verdict returned in favor of the then defendant. Certain questions of law arose upon a report of the case by the presiding Judge. There was subsequently, an argument of these questions, and at the June Term, 1843, judgment was rendered on the verdict, and the then defendant and present plaintiff recovered judgment against the present defendants for his costs of suit, $74,61. No plea or suggestion of the bankruptcy of either of the defendants was made at the time of the judgment or during the pendency of that suit. The present suit is debt on that judgment.

The parties agreed to a statement of facts, from which the foregoing statement is obtained, and it also appeared therefrom, that Warren, one of the defendants, entered his petition under the provisions of the bankrupt law of the United States of August 19, 1841, in the month of November, 1842, and was in the same month, declared a bankrupt. The statement shows, that Warren afterwards received his certificate of discharge, but the time when does not appear.

They also agreed, that if the Court should be of opinion, that the bankruptcy of the defendant furnished a full defence to this action, the plaintiff was to become nonsuit; and if not, that the defendant, Warren, was to be defaulted. Brown did not appear in this suit.

*Jewett & Crosby*, for the plaintiff, said that the certificate of discharge purported only to discharge the defendant from

his debts, " owing by him," " at the time of the presentment of his petition to be declared a bankrupt," in November, 1842. And the bankrupt law authorizes a discharge of nothing more. The claim of the present plaintiff could not have been proved as a debt against Warren and Brown at that time.   A part of it is for costs accruing afterwards, and no legal claim existed until the judgment in his favor.   They considered the authorities decisive for the plaintiff.   6 Hill, 250 ; 6 T. R. 695 ; 4 Bingh. 57 ; 14 East, 197 ; 5 Taunt. 778 ; and, as directly in point, *Woodward* v. *Herbert & al.* 24 Maine R. 358.

*Warren, pro se,* said he found no authorities in the American books, applicable to a case like this.   But in England it is well settled, that when bankruptcy occurs between the verdict and judgment, the bankrupt is discharged from costs.   Eden on Bankruptcy, c. 23, § 10 ; Stephen's N. P. 691 ; 1 H. Bl. 29 ; 3 M. & S. 326 ; 2 Brod. & B. 8 ; 1 Bingh. 189 ; 1 G. & J. 107 ; 5 M. & S. 508 ; 1 Cowp. 138 ; 5 T. R. 365 ; 1 B. & P. 134 ; 11 Ves. 648.

The opinion of the Court was by

WHITMAN C. J. — This is an action of debt on a judgment, recovered for a bill of costs, in an action, in which the present defendants were plaintiffs, against the present plaintiff, as sheriff of the county of Penobscot, for a default alleged to have been committed by one of his deputies ; and in which they were unsuccessful.   After the commencement of that action, and before its termination, the present defendant, Warren, became a bankrupt, in pursuance of the statute of the U. S. of 1841 ; and now contends that, by reason thereof, he is not now liable in this action.   It does not appear that he, or the other defendant, when the nonsuit was ordered, interposed any objection to the entering up of judgment for the costs of the adverse party.   Under such circumstances it would seem to be scarcely necessary to do more than to state the defendant, Warren's, proposition, in order to have its fallacy instantly detected.   He has, however, cited a number of authorities, in reference to judgments for costs, recovered against bankrupts,

in actions instituted before they became such, in which rules of Court have been obtained for discharging them from arrest on execution. But in most of the decided cases the recoveries of judgment had been for debts and costs, in which the debts had been proveable before the commissioners. In such cases it was obviously reasonable, that the costs should be held to be no good ground to authorize an arrest of the bankrupts. In the other cases cited, the right to judgment for costs had accrued, though not in each case entered up, before bankruptcy; so that the right to prove them, under the commission, had been perfected; and the dicta cited from the elementary authorities are predicated upon those decisions, and can have no effect beyond their import.

In the case at bar, the nonsuit was not entered till after the bankruptcy of Mr. Warren; and the present plaintiff of course had no debt due to him from the defendants upon the happening of that event, and, therefore, had none that could be proved before the commissioners; and this seems in the English courts to constitute the criterion to settle the question, whether a bankrupt should be discharged from an arrest on execution or not. It is believed that no case can be found in which a bankrupt has continued his suit in court, after his bankruptcy, and has finally been nonsuited upon its being discovered that he had no just cause of action against his adversary, in which the court has undertaken to liberate him from liability to his adversary for his costs of suit.

Besides; if Mr. Warren had a right to claim an exemption from the payment of costs, the time for him to have done so was when the final decision was had. Not then having done so the judgment may well be deemed to have been properly entered up; and cannot now be treated as null and void.

*Defendants defaulted.*