MOSES G. PALMER & another *vs.* WILLIAM P. MERRILL, appellant.

After proceeding to trial and becoming nonsuited, the plaintiff cannot, of his own motion, suggest the bankruptcy of the defendant, and avoid the payment of costs, by striking the bankrupt defendant's name from the suit.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court, for Cumberland county.

ASSUMPSIT, on an account annexed, commenced in the municipal court and by appeal entered in the superior court, where it was tried by the judge without the intervention of a jury, subject to exceptions in matters of law.

At the trial, after the plaintiff had given his own testimony, a

nonsuit was ordered, on motion of the defendant; to which ruling the plaintiff alleged exceptions.

After the exceptions were allowed, the plaintiff filed a written motion " for leave to strike from said suit the name of William P. Merrill (defendant), without costs," because he says the said defendant did, on the 31st day of Dec., 1868, file his petition in bankruptcy, in the U. S. district court for the district of Maine.

Previous to the hearing on the motion, the defendant's assignee appeared and claimed to prosecute.

The judge granted the motion, and struck the name of the defendant from the case without costs; to which ruling the defendant alleged exceptions.

*Howard & Cleaves*, for the defendant.

*Percival Bonney*, for the plaintiff, contended

That the action was " pending," and was of " such a character as would be discharged by bankrupt's certificate," within the meaning of the public laws of 1868, c. 157. " When it shall appear " means whenever, during the pending of the suit, and to whomsoever it shall be made to appear on the docket of the court, that the defendant has become a bankrupt, the plaintiff may discontinue without costs.

The appearance of the assignee changed nothing, so far as c. 157 is concerned, but simply made the bankruptcy of the defendant more clearly to " appear." The plaintiff discontinued before the appearance of the assignee.

The judge had no discretion in the premises; the discretion being confined to the plaintiff, who " may " strike the " bankrupt defendant's name from the suit . . . without costs."

Section 16, c. 176 of the U. S. bankrupt act of 1867, applies only to actions commenced by the bankrupt prior to adjudication in bankruptcy, " for the recovery of a debt, or other thing, which might or ought to pass to the assignee," and not to actions against the bankrupt for the recovery of a debt from him.

The State law has full jurisdiction over the subject of costs in

such cases, they not being assets until so declared by judgment of court. Costs do not vest in either party until final judgment. By the nonsuit, no right to recover costs became vested in the defendant or his assignee. *Fales* v. *Stone*, 9 Met. 316. Costs being the creature of the statute, the legislature can take them away. *Oriental Bank* v. *Freeze*, 18 Maine, 109.

APPLETON, C. J. The plaintiff, after proceeding to trial, was nonsuited upon his own showing, by the presiding justice.

By the U. S. bankrupt act, approved March 2, 1867, c. 176, § 21, when the bankrupt has filed his petition in bankruptcy, and there are suits pending against him, "no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined : and any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy, on the question of his discharge, provided," &c., &c. The provisos have no bearing upon the question under consideration.

By the public laws of 1868, c. 157, it is provided that "In all actions pending in any court, or before any justice of the peace, for the recovery of any debt provable in bankruptcy, or of a character such as would be discharged by bankrupt's certificate, when it shall appear that the defendant, or any one of the defendants, has filed his petition in bankruptcy, either before or after the commencement of the suit, the action shall be continued until the proceedings in bankruptcy are closed, unless the plaintiff shall thereupon strike such bankrupt defendant's name from the suit, which he may do without costs, &c."

It must be presumed that at the time of trial it did not appear of record that the defendant had filed his petition, else, in accordance with the statutes of the United States and of this State, the action would have been continued.

After proceeding to trial and being nonsuited, the plaintiff of his own motion informs the court that the defendant had previously

Palmer v. Merrill.

filed his petition in bankruptcy, and seeks to avoid the payment of costs by striking the defendant's name from the suit. Can he legally do this?

The suggestion of bankruptcy is one to be made by the bankrupt. The continuance, by the bankrupt law, is to be granted "upon the application of the bankrupt." The plea of a discharge in bankruptcy is a personal one, which the defendant may make or not at his own election. If the defendant declines relying upon the privileges granted by the statute, the cause proceeds to trial. If judgment is rendered against him it is a valid judgment, and is unaffected by his discharge, which refers to debts existing " on the —— day of ——, on which day the petition for adjudication was filed." U. S. bankrupt law, § 32. A judgment, recovered after the petition has been filed, and the defendant adjudged a bankrupt, cannot be proved as a debt against such bankrupt, and is not discharged. *Pike* v. *McDonald*, 32 Maine, 418; *Uran* v. *Houdlette*, 36 Maine, 15.

The plaintiff has. no.more right to suggest the bankruptcy of the defendant than he has to plead his certificate of discharge if he obtains one. He can no more file one plea for him than another. The defendant is the judge of his own defense. The suggestion of bankruptcy is not like the suggestion of the death of a party. In that case no valid judgment can be rendered against the deceased. But notwithstanding the defendant's bankruptcy, a valid judgment can be rendered against him, unless he avails himself of the proceedings in bankruptcy. The very language of the statute of Maine indicates that the law is as above stated. " When it shall appear that the defendant, or any one of the defendants, has filed his petition in bankruptcy, either before or after the commencement of the suit, the action shall be continued until the proceedings in bankruptcy are closed, unless the plaintiff shall thereupon strike such bankrupt defendant's name from the suit;" that is, after it is made so to appear by the defendant to the court. Further, the act of congress expressly provides that the continuance shall be had " upon the application of the bankrupt." It would be a strange course of proceedings, and as inequitable as strange, if a defendant

‹with a perfect defense was to be deprived of his costs by reason of a defeated plaintiff making for him a suggestion or a plea of which he declined availing himself, for the purpose of ousting him of the costs to which he was justly entitled. If the defendant did not choose to rely on the defense which the bankrupt law affords, the plaintiff, because he has a bad case, cannot compel him to do it.

Upon the facts, as from the report we understand them to be, the ruling of the presiding justice was erroneous.

*Exceptions sustained.*

CUTTING, DICKERSON, BARROWS, DANFORTH, AND TAPLEY, JJ., concurred.