*J. S. Harvey*, for appellant.

*J. T. Dye* and *A. C. Harris*, for appellee.

———•———

## STONE *v.* THE BROOKVILLE NATIONAL BANK.

BANKRUPTCY.—*Pleading.*—Where a creditor has not proved his debt in bankruptcy, the pendency of a petition in bankruptcy, before the debtor's final discharge, cannot be pleaded in bar of an action to recover the debt.

SAME.—*Stay of Proceedings.*—Pending proceedings in bankruptcy, an action on a provable claim may be stayed on the application of the bankrupt.

SAME.—The court in which proceedings in bankruptcy are pending is a proper court to order the stay of proceedings.

Stone *v.* The Brookville National Bank.

SAME.—It is not the duty of a state court to stay proceedings on being advised that the debtor has filed his petition in bankruptcy.

APPEAL from the Franklin Circuit Court.

WORDEN, J.—Action by the appellee against the appellant and one Samuel Cameron, as makers, and Jacob H. Masters, as indorser, of a promissory note indorsed by Masters, the payee, to the plaintiff. There was judgment against all the defendants. Stone alone appeals.

The appellant answered in one paragraph only, which is as follows: "The defendant Stone, for a separate answer," etc., "says that, after the contract named in the said paragraphs was executed, to wit, on the 18th of November, 1868, he filed his petition in bankruptcy before J. B. McFadden, a register in bankruptcy for the district of Indiana, and was, on said day, duly adjudicated a bankrupt by said register; that said matter of bankruptcy is still pending for the filing and settlement of claims owing by said Stone at the time of filing said petition; that the matters of indebtedness named in said paragraphs accrued before the filing of said petition, and are proper claims to be filed in said proceedings in bankruptcy, and are provable in said proceedings in bankruptcy; and said defendant says that the plaintiff cannot maintain this cause of action against him."

A demurrer was sustained to this answer, for the want of sufficient facts, and Stone excepted, and failing to answer further, final judgment was rendered against him on the demurrer. He moved for a new trial, but no question is raised thereby. The only question legitimately presented by the record is that presented by the ruling on the demurrer.

It is objected by the appellee, amongst other things, that the answer does not show that any proceedings in bankruptcy had been instituted by the appellant; in other words, that proceedings in bankruptcy are not commenced until the petition is filed in the office of the clerk of the proper district court; that the filing of the same with the register is not sufficient. We shall pass this objection, as the answer is otherwise fatally defective.

The twenty-first section of the bankrupt act provides, "that no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action and suit against the bankrupt, and all proceedings already commenced, or unsatisfied judgments already obtained thereon, shall be deemed to be discharged and surrendered thereby.

"And no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined. And any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge; provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge; and provided, also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed as aforesaid."

It will be observed that the answer in question does not aver that the plaintiff had proved her debt in the proceedings in bankruptcy.

Where a creditor has not, as in this case, proved his debt in bankruptcy, we think it quite clear that the pendency of the petition in bankruptcy, and before the debtor's final discharge, cannot be pleaded in bar of an action to recover the claim.

An answer in bar of an action, if good and sustained, defeats the action finally and forever. If the answer in question were to be held good, the appellant would be forever discharged from his obligation to pay the note, whether he ever procured a discharge in bankruptcy or not.

The answer was clearly defective, and the demurrer correctly sustained.

Stone *v.* The Brookville National Bank.

The bankrupt act provides an ample remedy in such cases. Pending the proceedings in bankruptcy, an action on a provable claim may be stayed "on the application of a bankrupt." The court in which the proceedings in bankruptcy are pending is a proper court to order the stay of proceedings. 4 Bump Bankrup. 378, note *c.* Whether a state court might not stay the proceedings on a proper application, without any order of the court in bankruptcy, is a question not before us, and we intimate no opinion upon it.

The answer in question was no application to stay proceedings. No application was made to the court below to stay the proceedings. The counsel for the appellant argues the case as if it were the duty of the court to stay proceedings upon being advised that the appellant had filed his petition in bankruptcy, whether asked to do so or not. We are of a different opinion. Courts seldom act as counsel for parties, or thrust legal rights upon them. It is the duty of counsel to present the causes of their clients, and of the courts to pass upon such matters as are presented.

It is assigned for error that execution on the judgment was not ordered to be stayed. The case was not within the terms of the bankrupt act, by which a cause may be allowed to proceed, for the purpose of ascertaining the amount due, by leave of the court in bankruptcy. The amount was not in dispute, nor had the court in bankruptcy made any order in the premises. The court below was not asked to make an order for the stay of execution, nor was any exception taken to the action of the court in this respect.

The judgment below is affirmed, with costs.

*R. Tyler*, for appellant.

*C. C. Binkley*, for appellee.