THE REVERE COPPER COMPANY OF BOSTON, MASSACHUSETTS, Appellant, *v.* ANTHONY W. DIMOCK, Respondent.

| 90 | 33 |
|-----|-----|
| 129 | 122 |

| 90 | 33 |
|-----|-----|
| 170 | 279 |
| 171 | 129 |

Where, after the commencement of an action on contract in a Massachusetts court, and after defendant had appeared and answered therein, and had suffered default, but before judgment was rendered defendant was discharged in bankruptcy, *held,* that the discharge was no defense to an action in this State upon the judgment.

*Wolf* v. *Stix* (99 U. S. 1), *Monroe* v. *Upton* (50 N. Y. 593), *Clark* v. *Rowling* (3 id. 216), distinguished.

(Argued June 25, 1882 ; decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, entered upon an order made April 2, 1881, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought upon a judgment recovered in Massachusetts, by plaintiff against defendant. The defense was a discharge in bankruptcy.

The material facts are stated in the opinion.

*David J. H. Wilcox* for appellant. The Massachusetts court had power to render the judgment. (U. S. R. S., § 5106 ; *Eyster* v. *Gaff*, 91 U. S. 521, 524 ; *Claflin* v. *Houseman*, 93 id. 130 ; *McHenry* v. *La Societe*, 95 id. 58 ; *Dingee* v. *Becker*, 9 N. B. R. 508 ; *Palmer* v. *Merrill*, 57 Me. 26 ; *Stone* v. *National Bk.*, 39 Ind. 284 ; *In re Leibenstein et al.*, 4 Chi. Legal News, 309 ; *In re Rosenberg*, 2 N. B. R. 236 ; *S. C.*, 3 Ben. 14 ; *In re Thomas*, 3 N. B. R. 38 ; *Dingee* v. *Becker*, 9 id. 508 ; *Hollister* v. *Abbott*, 31 N. H. 442, 449.) The judgment is conclusive upon any matter of defense existing prior to April 1, 1875, the date of its recovery. (*Jordan* v. *Van Epps*, 85 N. Y. 427, 436 ; *McFarland* v. *Irwin*, 8 Johns. 77 ; *Sternbergh* v. *Schoolcraft*, 2 Barb. 153 ; *Smith* v. *Nelson*, 62 N. Y. 286 ; *Rees* v. *Butler*, 18 Mo. 174 ; *Bird* v. *Smith*, 34 Me. 63 ; Free-

man on Judgments, §§ 251, 435 ; *Thomson* v. *Bank*, 82 N. Y. 1; *Carlisle* v. *McCall*, 1 Hilt. 399 ; *Audubon* v. *Ins. Co.*, 27 N. Y. 216 ; *Leonard* v. *Barker*, 5 Denio, 220 ; *Webb* v. *Buckalew*, 82 N. Y. 555, 559, 560 ; *Black* v. *McClelland*, 12 N. B. R. 481.) In an action upon a judgment of a court of another State the merits are not open to inquiry. (*Mills* v. *Duryee*, 7 Cranch, 481 ; *Hampton* v. *McConnell*, 3 Wheat. 234 ; Bigelow on Estoppel [2d ed.], 180, 201 ; *Dobson* v. *Pearce*, 12 N. Y. 156; *Hatcher* v. *Rocheleau*, 18 id. 86; *Rocco* v. *Hackett*, 2 Bosw. 579 ; 26 N. Y. 154; *Phillips* v. *Godfrey*, 7 Bosw. 150.) The granting of a discharge in bankruptcy prior to the recovery of the judgment, therefore, constitutes no defense. (*Medbury* v. *Swan*, 46 N. Y. 200 ; *Holyoke* v. *Adams*, 59 id. 233 ; *McDonald* v. *Whitney*, 12 Hun, 95.) Much less is a discharge obtained prior to recovery of judgment a defense in an action upon the judgment. (*Mechs'. Bk.* v. *Hazard*, 9 Johns. 392 ; *Steward* v. *Green*, 11 Paige, 535, 537 ; *Rudge* v. *Rundle*, 1 T. & C. 649 ; *Post* v. *Riley*, 18 Johns. 54 ; *Desobry* v. *Morange*, id. 336 ; *Alcott* v. *Avery*, 1 Barb. Ch. 349 ; *Lee* v. *Phillips*, 6 Hill, 246 ; *Hollister* v. *Abbott*, 31 N. H. 442, 449 ; *Bellamy* v. *Woodson*, 4 Ga. 175 ; *Rees* v. *Butler*, 18 Mo. 173 ; *Wilkins* v. *Warren*, 27 Me. 438 ; *Bridges* v. *Armour*, 5 How. [U. S.] 91, 95.) Defendant's remedy is to make a direct application in the action in which the judgment was recovered to be let in to set up his discharge, or for such other relief as he may be advised is proper. (*Alcott* v. *Avery*, 1 Barb. Ch. 347; *Graham* v. *Pierson*, 6 Hill, 247; *Cornell* v. *Dakin*, 38 N. Y. 253 ; *Medbury* v. *Swan*, 46 id. 200 ; *Monroe* v. *Upton*, 50 N. Y. 593 ; Bump's Bankruptcy [10th ed.], 757–759.)

*Geo. Putnam Smith* for respondent. The trial court erred in refusing to admit in evidence the defendant's schedule and discharge in bankruptcy. (*Lamb* v. *Brown*, 10 Bk. Reg. 522; *Black* v. *Blazo*, 117 Mass. 17 ; Bankruptcy Act, § 5119 ; *Wyman* v. *Mitchell*, 1 Cow. 316 ; *Clark* v. *Rowling*, 3 Comst. 220 ; *Rogers* v. *Western Ins. Co.*, 1 La. Ann. 161 ; *Dick* v. *Powell*, 2 Swan [Tenn.], 632 ; 2 Md. 457; *Clark* v. *Row-*

*ling,* 3 Comst. 224; *Bailey* v. *Bancker,* 3 Hill, 188; *Monroe* v. *Upton,* 50 N. Y. 593; *Ocean Bk.* v. *Olcott,* 46 id. 22; *Dewey* v. *Meyer,* 72 id. 75.) It was not necessary that the discharge should have been pleaded in bar of the suit brought upon the claim in its original form. (*Monroe* v. *Upton,* 50 N. Y. 593; *Hollister* v. *Abbott,* 31 N. H. 442; *Bellamy* v. *Woodson,* 4 Ga. 475; *Stewart* v. *Green,* 11 Paige, 534; *Mechs.' Bk.* v. *Hazard,* 9 Johns. 392; *Wilkins* v. *Warren,* 27 Me. 438; *Desobry* v. *Morange,* 18 Johns. 336; *Rees* v. *Butler,* 18 Mo. 173; *Ocean Bk.* v. *Olcott,* 46 N. Y. 12; *Alcott* v. *Avery,* 1 Barb. Ch. 347; *Cable* v. *Cooper,* 15 Johns. 152, 155.) The discharge is a bar to the present action. *Dobson* v. *Pearce,* 12 N. Y. 167; *Lazier* v. *Westcott,* 26 id. 152; Bankruptcy Act, § 5119; *Betts* v. *Bagley,* 12 Pick. 571; *Clark* v. *Rowling,* 3 Comst. 316; *Wyman* v. *Mitchell,* 1 Cow. 316; 3 Barb. 429, 437; *Penny* v. *Taylor,* 10 B. R. 102.)

EARL, J. On the 13th day of January, 1874, the plaintiff commenced an action against the defendant by personal service of process upon two promissory notes in the Superior Court of Massachusetts, which was a court of general jurisdiction. The defendant appeared by an attorney and answered, and that action was continued from term to term to the January term of 1875, when upon being called he suffered default. Thereafter on the 1st day of April, 1875, judgment was rendered and entered against him for upwards of $3,500, besides costs.

After the commencement of that action, in June, 1874, the defendant was adjudicated a bankrupt upon a petition filed against him, and on the 26th day of March, 1875, five days before the entry of the judgment against him, he was discharged by the bankrupt court from all his debts.

This action was commenced upon that judgment in March, 1879, and the only defense interposed by the defendant was the discharge in bankruptcy. The trial judge held that the discharge furnished no defense because the judgment was subsequent thereto. But upon appeal to the General Term it was

held that the discharge was a bar to the action and a new trial was granted.

We are of opinion that the trial judge was right. The proceedings in bankruptcy did not oust the Massachusetts court of jurisdiction of the action. The action could have been stayed upon the application of the bankrupt; but unless so stayed it could proceed to a valid judgment. (U. S. R. S., § 5106; *Eyster* v. *Gaff*, 91 U. S. 521; *Dingee* v. *Becker*, 9 N. B. Reg. R. 508; *Palmer* v. *Merrill*, 57 Me. 26; *Stone* v. *National Bank*, 39 Ind. 284.)

The discharge no more rendered the judgment subsequently entered void than would payment or release of the debt during the pendency of the action. To defeat the entry of a valid judgment, payment, release or a discharge, whether before the commencement of the action or during its pendency, must be availed of as a defense.

It is not a material circumstance that the defendant's default was taken before the discharge. The default was not the final adjudication in the action and not a judgment constituting an estoppel. The estoppel in such a case comes when the final judgment is entered and the record is made up. (*Webb* v. *Buckelew*, 82 N. Y. 555.) The judgment speaks and concludes the parties as of that date.

Here, on the 1st day of April, 1875, it was adjudged that the defendant owed the plaintiff the amount recovered, and that at that date he had no defense to the action. The judgment imports absolute verity, and cannot be contradicted by proof that the debt for which it was entered was not justly due. When sued upon a judgment, the defendant can no more prove a discharge in bankruptcy granted before its entry than he could be allowed to prove payment or a release pending the action. So far as I have been able to discover it has uniformly been held that a discharge in bankruptcy is no bar to an action upon a judgment subsequently recovered. (*Mechanics' Bank* v. *Hazard*, 9 Johns. 392; *Desobry* v. *Morange*, 18 id. 336; *Steward* v. *Green*, 11 Paige, 534; *Rudge* v. *Rundle*, 1 T. & C. 649; *Hollister* v. *Abbott*, 31 N. H. 442; *Bellamy* v. *Wood-*

*son*, 4 Ga. 175 ; *Wilkins* v. *Warren*, 27 Me. 438 ; *Rees* v. *Butler*, 18 Mo. 173.)    The case of *Wolf* v. *Stix* · (99 U. S. 1) was decided under the statute and practice of Tennessee applicable to the case, and is not in conflict with the cases last cited.    And the cases which hold that a judgment obtained after the adjudication in bankruptcy upon a debt existing before is wiped out by a subsequent discharge in bankruptcy do not aid the defendant. (*Monroe* v. *Upton*, 50 N. Y. 593; *Clark* v. *Rowling*, 3 N. Y. 216.)    In these cases the general rule that debts are absolutely merged in the judgment recovered upon them and that the judgment becomes a new debt was not applied.    But for the purpose of the cases then in hand it was held that the old debts were not merged and that the judgments were merely the old debts in a new form, and that a discharge of the old debts, therefore, discharged the judgments, which simply represented them.    In this case it is not necessary to consider whether or not the old debts were merged in the Massachusetts judgment, so that that judgment constituted an entirely new debt.    It is the estoppel furnished by the judgment recovered subsequently to the discharge which stands in the defendant's pathway.    That closes his mouth to allege the discharge.

It matters not that the Massachusetts judgment is a foreign judgment.    Under the Federal Constitution it is entitled to full faith and credit, and it is just as effectual as an adjudication and estoppel as if it had been rendered here. (*Hampton* v. *McConnel*, 3 Wheat. 234 ; *Dobson* v. *Pearce*, 12 N. Y. 156.)

The defendant was not without a remedy.    He could have applied to the Massachusetts court to open his default and permit him to set up his discharge, and if for any reason that remedy was not open to him, he could have commenced an action against the plaintiff in equity to set aside or vacate that judgment, or to perpetually restrain its collection.    In such an action, however, he would have been obliged to prove fraud, imposition, mistake, or some other ground for equitable interference. (*Smith* v. *Nelson*, 62 N. Y. 286.)    It would not

have been sufficient' for him to show that the debt for which the judgment was entered had been discharged, or that the judgment was unjust, but he would have been obliged to excuse his omission to avail himself of his defense and to move for relief in the original action ; and relief would have been administered to him, if at all, in view of all the circumstances and based upon the grounds which authorize equitable interference in such cases.

And the defendant, under our system of practice, instead of commencing such an action against the plaintiff, could have claimed the same relief in this action. But he would, in that case, have been obliged to allege in his answer and prove the same facts which he would have been required to allege and prove if he had instituted an action for the same relief. Here no such relief was sought. The discharge was relied upon simply as a defense to the action, and no facts were alleged or proved which entitled the defendant to equitable relief against the judgment.

The order of the General Term should be reversed and the judgment of the trial term affirmed, with costs.

All concur, except TRACY, J., absent.

Order reversed and judgment affirmed.