FREDERICK A. SANDS, RECEIVER OF THE COLUMBIAN INSUR-
ANCE COMPANY, RESPONDENT, v. JOHN S. PERRY AND
OTHERS, APPELLANTS.

*Discharge in bankruptcy—it does not authorize the vacating, on a motion, of a judgment
subsequently entered in a pending action.*

September 5, 1867, the defendant Perry filed a petition in bankruptcy and on
April 28, 1868, procured his final discharge therein. In this action, which was
pending when the petition in bankruptcy was filed, the defendant having
before that time appeared and answered therein, a final judgment was entered
and docketed against him on March 25, 1871.

*Held,* that as the judgment was entered after the defendant had procured his
discharge in bankruptcy it imported absolute verity, and that a motion made
by the defendant in 1885 to vacate it should be denied, but without prejudice
to any motion to be made by him to have the judgment opened and to be
allowed to plead the discharge.

APPEAL from two orders made by the Special Term, óne denying
defendant's motion to cancel the judgment entered against him,
and the other granting the plaintiff leave to issue execution thereon.
September 5, 1867, the defendant Perry filed his petition in bank-
ruptcy in the United States District Court, this action then being
pending. He obtained his discharge in bankruptcy April 28, 1868,
from all debts existing against him as of the date of filing the petition.
Afterwards, and on March 25, 1871, judgment against him in this
action was entered and docketed. Defendant had appeared and
answered in the action before the filing of his petition, but there-
after allowed judgment to pass against him as upon default.

*Hamilton Harris,* for the appellants.

*W. Frothingham,* for the respondent.

LANDON, J.:

The authorities are decisive to the effect that a discharge in
bankruptcy extinguishes all the debts of the bankrupt provable
under the act existing at the date of the filing of his petition in
bankruptcy, and any judgment that may be obtained upon any of
such debts, if such judgment be entered before the date of the
discharge in bankruptcy. (*Clark* v. *Rowling,* 3 N. Y., 216;

*Monroe* v. *Upton*, 50 id., 593; *Arnold* v. *Oliver*, 64 How., 452.) In such cases the judgment is not regarded as a new debt, but simply the old debt in a new form (*Revere Copper Co.* v. *Dimock*, 90 N. Y., 33), and the judgment debtor is entitled upon motion, to be made under section 1268 of the Code, at any time after two years have elapsed since his discharge, to an order directing the judgment to be canceled and discharged of record. The defendant in this case contends that he is entitled to the like order although his discharge in bankruptcy preceded the entry of judgment. The authorities cited do not so hold, and the case cited from 90 New York seems to hold otherwise. The judgment in that case was entered after the discharge. The matters urged by the learned counsel for the defendant to distinguish that case from this do not touch the vital point, namely, that a judgment rendered after a discharge imports absolute verity. Therefore, the discharge in bankruptcy, or anything else in the form of evidence tending to show that no judgment should have been rendered, cannot now be heard. Such matters must be adduced upon the trial, and in order to avail himself of them the defendant must procure his default and the judgment to be opened, and be allowed to defend.

It may be conceded that there is some difficulty in perceiving why upon principle a judgment rendered before the discharge in bankruptcy upon a debt existing at the date of filing the petition is less an absolute verity than one rendered after the discharge upon the like debt, and why it is that that judgment can be canceled upon motion and need not be opened. It seems to be an exception to the general rule affirming the absolute verity of judgments. That a judgment rendered after a discharge in bankruptcy should not be admitted within the exception seems obvious enough. Such a judgment may rest upon facts affecting the debt, but arising after the discharge, as in the case of *Dusenbury* v. *Hoyt* (53 N. Y., 521), where a new promise to pay the discharged debt made after the discharge, was held to be good.

These views are in accord with those expressed by the learned judge at Special Term, and lead to an affirmance of the order denying the motion to cancel the judgment. But the notice of motion asked for such other relief as the court shall deem it proper to grant. The order appealed from does not speak of any motion to

allow the judgment to be opened and a defense interposed. But the learned judge at Special Term intimates in his opinion that the laches of the defendant is fatal to such an application. We are not entirely clear that this is so. If upon a further hearing it should appear that the merits are on the side of the defendant, as the papers before us seem to indicate, a motion addressed to the favor of the court will no doubt be so decided as to prevent gross injustice.

We affirm both orders, with costs and disbursements, but without prejudice to a motion to open the judgment and allow the discharge in bankruptcy to be interposed, and without prejudice to such a stay of execution as shall give effect to any order the court may grant upon the hearing of such motion.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Orders affirmed, with ten dollars costs and printing disbursements in each, without prejudice to motion to open judgment, etc.