## In re MONROE.

(District Court, D. Washington, N. D.    April 7, 1902.)

**1. BANKRUPTS—DISCHARGE—EFFECT.**

A bankrupt's discharge will not release him from any debt omitted from the schedule annexed to his petition, where the omitted creditor had no notice or knowledge of the bankruptcy proceedings in time to have proved his claim.

**2. SAME—SETTING ASIDE.**

The omission is not ground for setting aside the discharge because not prejudicing the creditor.

Voluntary Bankruptcy.

Heard upon an application by the Capital Brewing Company, a creditor, to vacate an order discharging the bankrupt from his debts, the creditor alleging in its petition that it was not listed in the schedule of creditors annexed to the petition filed by the bankrupt, and did not have notice or knowledge of the proceedings, until after the time allowed for making proof of debts had elapsed, and charging that the bankrupt has been guilty of fraud in concealing valuable assets, which should have been scheduled.

Pierre P. Ferry, for petitioner.
Hugh A. Tait, for bankrupt.

HANFORD, District Judge.   One of the fundamental principles in the jurisprudence of this country is that no man can be deprived of any legal right by a judicial proceeding to which he is not a party, and of which he has not received lawful notice or had actual knowledge. Upon this principle, I hold that the bankrupt in this case has not obtained a discharge from any debt which was omitted from the schedule annexed to his petition which may be due to a creditor who did not have notice or knowledge of the bankruptcy proceedings in time to have proved his claim.   Creditors who have not been notified of the proceedings in the manner prescribed by the bankruptcy law are not estopped from asserting their rights by reason of mere failure on their part to be diligent in discovering the insolvency of their debtors or their resort to a court of bankruptcy.   As the petitioning creditor has not lost any rights by the order of the court discharging the bankrupt from his liabilities, this proceeding to vacate that order is unnecessary.

Demurrer to petition sustained.