GEORGE H. ZIMMERMAN *et al.* v. J. M. KETCHUM.

No. 12,858.    (71 Pac. 264.)

SYLLABUS BY THE COURT.

BANKRUPTCY—*Debt not Scheduled—Effect of Discharge.*  A discharge in bankruptcy will prevent a recovery against the bankrupt upon an account for lumber and material sold to, and used by, the bankrupt in the erection of a dwelling upon his homestead, although such liability is not scheduled by the bankrupt in the bankruptcy proceedings in accordance with the terms of the bankrupt act, if the creditor had notice or actual knowledge of the proceedings in bankruptcy.

Error from Jewell district court; R. M. PICKLER, judge. Opinion filed January 10, 1903. Reversed.

*G. H. Bailey*, for plaintiffs in error.

*T. S. Kirkpatrick*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : The question for our determination in this case is, Does a discharge in bankruptcy release the bankrupt from, and prevent recovery upon, an account for lumber and material furnished to, and used by, the bankrupt in erecting a dwelling upon his homestead, where no mechanic's lien is secured upon the premises, under the statute, and where such indebtedness is not scheduled by the bankrupt as a liability ?

Ketchum brought his action against Zimmerman and wife to recover upon an account for lumber and material sold to defendant George H. Zimmerman, and used in the erection of a dwelling-house upon his homestead, and to subject the homestead to the payment of such debt. Defendant Zimmerman answered, alleging his discharge in bankruptcy, the appearance

of plaintiff in the bankrupt court in pursuance of notice, and his protest therein against the discharge of Zimmerman in the bankruptcy proceedings. To this answer plaintiff demurred, which demurrer was sustained.

While the homestead of the defendant debtor remained unaffected by the bankrupt proceeding, and while plaintiff might seize such homestead in execution upon a judgment rendered for the cost of materials used in the erection of improvements thereon, the question remains, Can the plaintiff recover a judgment upon the debt upon which the homestead may be seized in execution, or does the discharge of defendant in bankruptcy afford him protection against a recovery upon such indebtedness? The answer to this question must be sought for and obtained in the language of the national bankrupt act of 1898. Section 17 of the act provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) are due as a tax levied by the United States, the state, county, district, or municipality in which he resides; (2) are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another; (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

It is thus seen that the debt in question is not one belonging to the excepted classes, but is one from which the debtor is released by his discharge in bankruptcy, and hence, if the debt had been properly

scheduled by the bankrupt, as by the terms of the act provided, his release therefrom by his discharge in bankruptcy would of necessity follow. But as this liability was not scheduled, if the plaintiff did not have notice or actual knowledge of the proceedings in bankruptcy, the debt would remain unaffected by the discharge. However, as it is alleged in the answer that plaintiff had full notice and knowledge of the pendency of the proceedings in the bankruptcy court, and actually appeared therein and protested against the discharge of the defendant, it follows that such allegations, if true, constitute a defense.

The demurrer to the answer was improperly sustained, and the judgment must, therefore, be reversed.

All the Justices concurring.