(47 Misc. Rep. 415.)

## BROADWAY TRUST CO. v. MANHEIM.

(Supreme Court, Trial Term, Kings County.   May, 1905.)

1. BANKRUPTCY—DISCHARGE—OPERATION AS DEFENSE—NECESSITY OF PLEAD-
ING.

A discharge in bankruptcy to be available as a defense must be pleaded,
and either the facts showing jurisdiction of the bankruptcy court of the
parties and subject-matter or some allegation equivalent thereto must
also be pleaded.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 825.]

2. SAME—MODE OF PLEADING.

Under Code Civ. Proc. § 532, providing that in pleading a judgment it is
not necessary to state the facts conferring jurisdiction, but the judgment
may be stated to have been duly given or made, an answer, alleging that
defendant was "duly adjudged" a bankrupt in the District Court of the
United States for the Eastern District of New York, sufficiently alleges
jurisdiction in the bankruptcy court over defendant and the subject-
matter.

3. JUDGMENTS—REGULARITY OF PROCEEDINGS—PRESUMPTIONS.

When jurisdiction is established, the legal presumption is in favor of
the regularity of subsequent proceedings.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 104.]

4. BANKRUPTCY—COMPOSITION—EFFECT AS DISCHARGE.

Bankr. Act July 1, 1898, c 541, § 12, 30 Stat. 549 [U. S. Comp. St. 1901, p.
3426], authorizes a bankrupt to offer terms of composition to his cred-
itors after he has filed the schedule of his property and list of his cred-
itors, and further provides for the confirmation of the composition by the
judge and the distribution of the consideration thereof.   Section 14 pro-
vides that the confirmation of a composition shall discharge the bankrupt
from his debts, other than those agreed to be paid by the terms of the
composition and those not affected by a discharge.   Held, that an order
of confirmation is in effect a discharge in bankruptcy, and may be
pleaded as such.

5. OMISSION TO LIST DEBTS—EFFECT ON DISCHARGE.

Under Bankr. Act July 1, 1898, c. 541, § 17, subd. 3, 30 Stat. 550 [U.
S. Comp. St. 1901, p. 3428], providing that a discharge shall release a
bankrupt from all his provable debts, except, among others, such as
have not been duly scheduled in time for proof and allowance, with the
name of the creditor, "unless such creditor had notice or actual knowl-
edge of the proceedings in bankruptcy," the fact that a bankrupt inad-
vertently failed to include in the schedule of his liabilities a certain cred-
itor as the owner of a note, but listed the note in the name of the
original payee, will not prevent the bankrupt's discharge from operating
against such creditor, if he had notice or actual knowledge of the bank-
ruptcy proceedings.

6. SAME—ATTACKING DISCHARGE—BURDEN OF PROOF.

Where a debtor has been discharged in bankruptcy, a. creditor seeking
to enforce his claim has the burden of attacking the discharge and
showing cause why he should not be bound thereby.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 840.]

7. SAME—COMPOSITION OF CREDITORS—STRICT CONSTRUCTION.

Since Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 [U. S. Comp. St.
1901, p. 3426], providing for a composition between the bankrupt and his
creditors, contemplates that dissenting creditors may be compelled to
accept the percentage accepted by the majority and may be deprived of
their remedies on the balance of their claim, such section should be
strictly construed.

8. SAME—COMPOSITION—EFFECT.

　　Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], provides for a composition between the bankrupt and his creditors, which, when accepted by a majority of the creditors and confirmed by the court, shall be binding on all the creditors, and by the express provisions of section 14 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) shall operate as a discharge of the bankrupt. Section 17, subd. 3 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), provides that a discharge shall release a bankrupt from all his provable debts, except, among others, such as have not been duly scheduled in time for proof and allowance with the name of the creditor, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. Defendant was adjudicated a bankrupt on April 11, 1904, and prior to May 4, 1904, obtained the consent of a majority of the creditors to a composition and filed his application for a confirmation of the composition. Plaintiff was the assignee of notes which defendant had listed in the name of the original payees. These notes matured June 11, 1904, and July 11, 1904, respectively, and plaintiff had no actual knowledge of defendant's bankruptcy proceedings until subsequent to the latter date. *Held*, that an order confirming defendant's composition with his creditors was inoperative as against plaintiff.

9. BILLS AND NOTES—BONA FIDE PURCHASERS—RIGHTS.

　　Under the express provisions of Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 96, a holder of a note in due course takes the same free from any defenses available to prior parties among themselves.

　　[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 944.]

Action by the Broadway Trust Company against Jacob Manheim. Judgment for plaintiff.

Ira Leo Bamberger, for plaintiff.
David C. Meyers, for defendant.

BURR, J. I think that the answer is sufficient to admit evidence of the defendant's proceedings in the bankruptcy court. It is true that a discharge in bankruptcy, to be available, must be pleaded as a defense (Revere Copper Co. v. Dimock, 90 N. Y. 33, affirmed 117 U. S. 559, 6 Sup. Ct. 855, 29 L. Ed. 994), and either the facts showing jurisdiction in the bankruptcy court of the parties and the subject-matter must also be pleaded, or there must be some allegation equivalent thereto. Under the Code an allegation that a judgment was "duly rendered" is sufficient to admit proof of these facts, if the allegation is controverted. Code Civ. Proc. § 532.

The answer in this case alleges that on the 11th day of April, 1904, the defendant was "duly adjudged" a bankrupt in the District Court of the United States for the Eastern District of New York. This was a sufficient allegation of jurisdiction in that court of the defendant and of the subject-matter. The proof sustains the allegation. When jurisdiction is established, the legal presumption is in favor of the regularity of subsequent proceedings. McCormick v. Pickering, 4 N. Y. 276.

The answer further alleges that on the 14th day of October, 1904, by an order of discharge in said bankruptcy proceedings, the debt represented by the notes in suit in this action was discharged. The proof is that on that day an order was entered in the bankruptcy

court confirming a composition with his creditors proposed by the defendant. Such an order is, in effect, a discharge in bankruptcy and may be pleaded as such. Collier on Bankruptcy (5th Ed.) 159; Bankr. Act July 1, 1898, c. 541, §§ 12, 14, 30 Stat. 549, 550 [U. S. Comp. St. 1901, pp. 3426, 3427]; Glover Grocery Co. v. Dorne, 8 Am. Bankr. Rep. 702, 42 S. E. 347. By force of this order and the statute in question the defendant was released from all his provable debts, except, among others, such debts as have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

Plaintiff's debt, being on promissory notes, was a provable debt. The name of the plaintiff was not included in the defendant's schedule of liabilities as the owner of the debt. The debt was scheduled in the name of the original payee of the notes, but there is no evidence that at the time of the filing of the schedules the defendant knew of the transfer to the plaintiff, or that the defendant was guilty of bad faith in the omission. This omission will not prevent the discharge from becoming operative, if the plaintiff had notice or actual knowledge of the bankruptcy proceedings. Bankr. Act July 1, 1898, c. 541, § 17, subd. 3, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]. The burden is on the plaintiff to attack the discharge in bankruptcy and show cause why he should not be bound by it. Stevens v. King, 16 App. Div. 377, 44 N. Y. Supp. 893.

I find from the evidence in the case that the plaintiff had no formal notice of the various proceedings in the bankruptcy court, but I also find that it did have actual knowledge of the existence of such proceedings by the middle of July, 1904. Was that knowledge sufficient to make the discharge effectual as to it? The bankruptcy act does not in express terms provide how long before the discharge is granted such knowledge must be acquired, but the purpose of the provision is manifest. It was intended to remedy a defect in the previous bankruptcy act, by which a debt was discharged, even though the name of the creditor was omitted from the schedules, provided such omission was not willful or fraudulent, even though the creditor had no notice nor knowledge of the proceedings. Tyrrel v. Hammerstein, 6 Am. Bankr. Rep. 430, 67 N. Y. Supp. 717. It would seem to be reasonable that, before a party is deprived of his remedy to enforce his debt by a discharge in bankruptcy, he should receive notice of some kind, or have actual knowledge of the proceedings tending to that end, in time to participate therein. Birkett v. Columbia Bank, 195 U. S. 345, 25 Sup. Ct. 38, 49 L. Ed. 231. In that case the court say:

"Actual knowledge of the proceedings contemplated by the section is knowledge in time to avail a creditor of the benefits of the law, in time to give an equal opportunity with other creditors, not a knowledge that may come to him so late as to deprive him of participation in the administration of the affairs of the estate."

In the case of discharge in bankruptcy, as distinguished from a composition, it might be the case that if such knowledge were ac-

quired in time to enable the creditor to prove his claim and have it allowed, to participate in the dividends of the bankrupt estate, or to be heard in opposition to the application for discharge, it would be sufficient (Fider v. Mannheim [Minn.] 81 N. W. 2); but in the case of composition agreement it seems to me a different rule should apply. I think the unscheduled creditor should have notice or actual knowledge of the bankruptcy proceeding prior to the time when the application for the confirmation of the composition agreement is filed. Before such application can be filed the proposed agreement must be accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims. Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426].

In this case the first of the notes sued upon matured June 11, 1904, and the second July 11, 1904, and plaintiff's actual knowledge of defendant's bankruptcy proceedings was subsequent to the latter date. But the defendant was adjudicated a bankrupt on April 11, 1904, and prior to May 4, 1904, he had obtained the consent of a majority of the creditors whose claims had been allowed and approved, and on that day he filed his application for a confirmation of the composition agreement. If the plaintiff had had knowledge or notice of the proceedings prior to that time, it might have proved its claim and withheld its consent from the proposed composition, and prevented the bankrupt from obtaining the required majority. Since the proceeding compels dissenting creditors to accept the percentage accepted by the majority, and deprives them of their remedies on the balance thereafter, this section of the bankruptcy act should be strictly construed. Collier on Bankruptcy, 149; In re Monroe (D. C.) 7 Am. Bankr. Rep. 706, 114 Fed. 398. The knowledge of the plaintiff came too late to enable it to "have an equal opportunity with other creditors" in participating "in the administration of the affairs of the estate." The fault was the fault of the defendant in not properly preparing his schedules as to the name of the creditor, or in failing to amend the same after he had learned who the real owner of the debt was. I think the order of the bankruptcy court confirming the proposed composition, so far as the plaintiff is concerned, is inoperative, and affords no defense to the action.

As to the defense of usury, it is sufficient to say that I find from the evidence that the notes in suit were valid obligations in the hands of the original payees; but, if otherwise, the plaintiff in this action was a holder for value in due course, and took the notes free from any defenses available to prior parties among themselves. Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 96.

There should be judgment in favor of the plaintiff, with costs.