8711. Bank of Wrightsville v. Four Seasons *et al.*

Jenkins, J. Under the provisions of the bankruptcy act of 1867 (14 Stat. 517), a debt provable in bankruptcy was discharged, though the name of the creditor was omitted from the schedule, if the omission was not wilful nor fraudulent, even though the creditor had no notice or knowledge of the proceedings. Broadway Trust Co. *v.* Manheim, 14 Am. Bkr. R. 122 (47 Misc. 415, 95· N. Y. Supp. 93); Tyrrel *v.* Hammerstein, 6 Am. Bk. R. 430 (33 Misc. 505, 67 N. Y. Supp. 717). But under the provisions of the present national bankruptcy act of 1898 (30 Stat. 544), a discharge in bankruptcy releases a bankrupt from all his provable debts except those specifically mentioned by section 17 of the act, which includes those that have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, *unless* such creditor had notice or knowledge of the proceedings in bankruptcy. Collier on Bankruptcy (10th ed.), 400 (c); Remington on Bankruptcy, §§ 2777-2780.; Hayer *v.* Comstock, 7 Am. Bkr. R. 493 (115 Iowa, 187, 88 N. W. 351); In re Monroe, 114 Fed. 398 (7 Am. Bkr. R. 706); Zimmerman *v.* Ketchum, 11 Am. Bkr. R. 190 (66 Kan. 98, 71 Pac. 264); Broadway Trust Co. *v.* Manheim, supra; Custard *v.* Wigderson, 17 Am. Bkr. R. 337 (130 Wis. 412, 110 N. W. 263, 10 Ann. Cas. 740); Finnell *v.* Armoura, 26 Am. Bkr. R. 802 (39 Utah, 316, 117 Pac. 49); *Marshall* v. *English-American Loan Co.,* 127 *Ga.* 376 (56 S. E. 449). It being admitted in the court below that the cashier of the plaintiff bank had actual knowledge of such bankruptcy proceedings, and had accepted such notice as true, and generally discussed the fact with others in ample time to have proved his debt against the bankrupt, the direction of a verdict in favor of the defendants was not erroneous:

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

Decided December 14, 1917.

Complaint; from city court of Dublin—Judge Flynt. · March 10, 1917.

*Moye & Shurling, B. B. Blount,* for plaintiff.

*Burch & Daley,* for defendants.