### 19260.   OTWELL *v.* THOMPSON.

Decided May 15, 1929.

*Vandiviere & Tallant,* for plaintiff in error.

Jenkins, P. J.   1.   A discharge in bankruptcy releases a bankrupt from all of his provable debts "except such as . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." Bankruptcy act, § 17; 30 Stat. 544; *Bank of Wrightsville* v. *Four Seasons,* 21 *Ga. App.* 453 (94 S. E. 649); *Brooks* v. *Pitts,* 24 *Ga. App.* 386 (2) (100 S. E. 776).

2.   In the instant case the defendant was adjudged a bankrupt on April 28, 1924.   He was discharged on July 25, 1925.   The defendant admitted that the plaintiff's claim was not scheduled, but testified that before filing his application for discharge, on some undisclosed date, he had a conversation with the plaintiff in which the plaintiff "said to me that he had a good mind to fight my discharge."   The plaintiff testified that he was a subscriber to the newspaper in which the defendant's bankruptcy notices were published.   He further testified:   "I don't remember that I saw this notice, but I might have seen the notice of creditors' meeting or for discharge.   I didn't get notice of either from the referee. I didn't have time to file proof of claim if I saw creditors' notice." He admitted that he talked to the defendant, but did not remember whether it was before or after the defendant's discharge in bankruptcy.   The jury found in favor of the plaintiff.

The defendant having admitted the signing of the note sued on as security, and that the claim was not scheduled in bankruptcy, it was incumbent upon him to show notice or actual knowledge of the bankruptcy proceedings on the part of the plaintiff in time for proof and allowance of his claim. While the plaintiff admits that he might have seen the notice of creditors' meeting or for discharge, he further testified that he did not thereafter have time to file proof of claim. If the jury accepted this statement as true, the notice which the plaintiff testified he might have seen must necessarily have referred to the discharge notice, and must have been after the period within which he might prove his claim, or so close thereto as prevented action on the part of the plaintiff. The jury having found that the defendant failed to carry the burden of showing notice or knowledge on the part of the plaintiff, and their finding being approved by the trial judge, this court can not say that the verdict is absolutely unauthorized by the evidence, and it is, therefore, without power to set it aside.

         *Judgment affirmed. Stephens and Bell, JJ., concur.*