484

20487. WOFFORD v. ARNDALE.

JENKINS, P. J. 1. A discharge in bankruptcy releases a bankrupt from all of his provable debts "except such as . . have not been duly scheduled in time for proof and allowance, with the name of the creditor, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." And where a claim is not scheduled in the bankruptcy proceeding, it is incumbent upon the defendant to show that the plaintiff had notice or knowledge of that proceeding in time for proof and allowance of his claim. *Otwell* v. *Thompson*, 39 *Ga. App.* 706 (148 S. E. 302).

2. In the instant case the plaintiff, as transferee, sued on a note payable to a securities corporation. The defendant pleaded bankruptcy, and on the trial testified that he had executed a note to a different small-loan company, but had never heard of the securities corporation to which the note was actually made payable until he afterwards learned that it had offices in the same place of business as the small-loan company, to which he supposed the note had been made. He offered in evidence a bankruptcy schedule listing the small-loan company as a creditor, and the record of a former suit brought against him by the small-loan company on an open account, which evidence was rejected. The note sued on, payable to the securities corporation, was paid off by an indorser, and afterwards transferred to the plaintiff. *Held*, that the court did not err in rejecting, as immaterial and irrelevant, the bankruptcy schedule and the record of the former litigation between the defendant and the small-loan company. The evidence authorized the finding of the judge of the municipal court in favor of the plaintiff, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 15, 1931.

*Orville D. Rogers, L. S. & C. M. James,* for plaintiff in error. *Clarke & Clarke,* contra.