M. FANNIE HEARD, plaintiff in error, *vs.* ARNOLD & Du-
BOSE, defendant in error.

> The claim of a creditor is barred by a discharge of the debtor in bankruptcy,
> although his name was not placed in the schedule, nor any notice given
> to him personally or by mail, the notice by publication in two newspapers
> having been given according to the bankrupt law.

Debtor and Creditor.    Bankrupt.    Notice.    Before Judge
POTTLE.    Wilkes Superior Court.    May Term, 1876.

Reported in the opinion.

W. M. SIMS; S. H. HARDEMAN, for plaintiff in error.

ROBERT TOOMBS; D. M. DuBOSE; F. H. COLLEY, for de-
fendant.

JACKSON, Judge.

The defendants pleaded their discharge in bankruptcy to
the plaintiff's action on a claim provable in the bankrupt court.
Due notice was given by publication in two newspapers, but
none served personally, or by mail, upon this plaintiff, nor
was her name in the schedule of creditors.    We think that the
bankrupt law requires notice by publication to meet those
cases where the creditors' names are not in the schedule, or
furnished to the marshal, and in the absence of fraud in
omitting the plaintiff's name as creditor in the schedule, the
discharge operates to bar her right to recover.    Three kinds
of notices are provided for in the act.    First, newspaper no-
tices; second, notice personally or by mail to all creditors upon
the schedule, or whose names may be given the marshal by the
debtor in addition; and, third, such personal or other service,
to any persons concerned as the warrant specifies:    Bump,
section 5019, page 384, 8th edition.    The debtor should give
the names of all the creditors in the schedule, but he may
omit for some reason or another, somebody; then he may, if
he remembers in time, give such name to the marshal after-
wards, and he is bound to notify such person though not in

the schedule, but he may omit some creditor after all; his negotiable paper may be in somebody's hands whom he does not know, or he may have forgotten some creditor; to meet such cases as these, the law requires the notice by publication, and in the absence of fraud, (and none is pretended here,) the discharge will operate as a bar as completely in the latter, as in the former case, and such is the decision of the court of appeals of Kentucky: 13th N. B. R. Reports, 157; of the supreme court of New York: 13th N. B. R. Reports, 14; of the supreme court of Maine: 6th N. B. R. Reports, 377; of the supreme court of Rhode Island: 12th N. B. R. Reports, 143; and many cases cited by Bump, 8th edition, page, 730. That auther lays down the principle on that page, 730, thus: "If the notice required by the statute has been duly published, the discharge will bar the debt, although the name of the creditor was not placed on the schedule nor any notice given to him." And if such were not the law it would be difficult to make a bankrupt law which would relieve debtors in many cases. Our homestead exemptions, and citations to issue letters of administration, etc., and to discharge administrators, etc., by letters of dismission, are all instances of notice or service by publication, and always held binding on all interested when duly published.

Let the judgment be affirmed.