### In re BEERMAN.

(District Court, N. D. Georgia. December 16, 1901.)

#### No. 663.

BANKRUPTCY—STAYING PROCEEDINGS TO ENFORCE JUDGMENT—OMISSION OF CREDITOR FROM SCHEDULES.

The fact that the claim of an ordinary creditor, upon which an action is pending at the time of the bankruptcy of the debtor, is omitted from the bankrupt's schedules, does not enlarge his rights, where he has knowledge of the bankruptcy proceedings; and a subsequent amendment of the schedules by permission of the court relates back to the time of filing the petition, and the creditor will be enjoined from taking any steps to collect the judgment recovered until the bankrupt's right to a discharge has been determined.

In Bankruptcy. On application by bankrupt for restraining order.

J. L. Travis, for bankrupt.
Hudson Moore, for respondent.

NEWMAN, District Judge. In this case, on the hearing of an application for a restraining order in favor of the bankrupt against the Camp Coffee & Spice Mills, the following facts appeared: That on July 1, 1901, Beerman filed his voluntary petition in bankruptcy, and was adjudged a bankrupt on the same day; that at that time there was pending against him a suit in favor of the Camp Coffee & Spice Mills on an ordinary debt for merchandise sold; that on

the third Monday in July, 1901, after the filing of the petition in bankruptcy, a judgment was taken against Beerman in said suit. It appears that Beerman, through inadvertence, omitted from his schedule of creditors the Camp Coffee & Spice Mills. He was allowed to amend his schedule in this respect in September, 1901. On the 11th day of September, before this amendment was filed, the Camp Coffee & Spice Mills took out garnishment proceedings, and held up an amount of money due the bankrupt for wages as bartender. It is alleged, and not denied, that the Camp Coffee & Spice Mills, through its attorney, knew of the bankruptcy proceeding at the time it took judgment in the original suit, and at the time the garnishment proceedings were instituted. In this situation of the matter the court is asked to enjoin the garnishment proceedings. Whether the Camp Coffee & Spice Mills knew that it had been omitted from the schedule of creditors does not appear, but it did know, according to the record, that bankruptcy proceedings had been instituted, and knew also that it was an ordinary creditor of the bankrupt, against whose debt a discharge, if obtained, would be good. "The fact that the creditor who is bringing the action has been omitted from the list of creditors on the bankrupt's schedule, does not necessarily prevent his action from being stayed, for his claim is still released by discharge, if he has notice or knowledge of the bankruptcy proceedings." Coll. Bankr. (3d Ed.) p. 128. Considering this knowledge on the part of the Camp Coffee & Spice Mills of the institution of the bankruptcy proceedings, and the amendment, subsequently allowed by the court, adding it and the amount of its debt to the schedule of creditors, it would seem that this amendment related back to the time of the filing of the petition, and would have effect as of that date. Consequently it seems clear that the endeavor to enforce this judgment by means of the garnishment proceeding should be enjoined, and an injunction will issue restraining the Camp Coffee & Spice Mills, its agents or attorneys, from proceeding further with the garnishment suit until the question of the right of the bankrupt to a discharge shall have been determined.