BECK & GREGG HARDWARE COMPANY *v.* CRUM, agent.

1. After the trial judge signed the certificate to a bill of exceptions his power and jurisdiction over the case ceased, except as provided in the Civil Code, § 5536, as amended by act approved August 22, 1905. Therefore, where he subsequently allowed and certified what purported to be an amendment to the bill of exceptions, this court can not adjudicate the questions sought to be raised by such amendment.

2. Where complaint was made in a motion for a new trial, by plaintiff, that the court erred in admitting in evidence, over his objection, the certificate of defendant's discharge in bankruptcy, and the court passed on this ground and overruled the motion, the plaintiff, who, by writ of error to this court, excepted to such ruling, will not be heard to say that there was no evidence of defendant's discharge.

3. It not appearing that a debt which was provable, and the name of the creditor, were not duly scheduled, the discharge in bankruptcy of the debtor released him from the debt though the creditor had neither notice nor actual knowledge of the proceedings in bankruptcy.

Submitted July 18, — Decided ·December 12, 1906.

Complaint. Before Judge Reagan. Butts superior court. September 16, 1905.

*Ray & Ray,* for plaintiff.

Fish, C. J. The Beck & Gregg Hardware Company, a corporation, sued J. W. Crum on an account. The answer, filed at the appearance term, merely denied the alleged indebtedness. At the trial term the defendant pleaded his discharge in bankruptcy since the appearance term, and that the debt upon which the action was founded existed at the time of the adjudication in bankruptcy. There was a verdict for the defendant. The plaintiff moved for a new trial, which motion being overruled, it excepted.

1. The bill of exceptions was certified September 30, 1905, filed October 3 thereafter, and certified on the latter date. On October 7 the trial judge, on the petition of the plaintiff in error, allowed and certified to what purported to be an amendment to the original bill of exceptions and ordered the clerk "to certify and send up" to this court, as part of the record in the case, such amendment. After the judge had signed the certificate to the original bill of exceptions, his power and jurisdiction over the case ceased. *Greer* v. *Holdridge,* 86 *Ga.* 791. It follows that this court can not deal with any question sought to be made by the so-called amendment to the original bill of exceptions. There is nothing in this case to bring it within the provisions of the act approved August 22, 1905 (Acts 1905, p. 84).

2. One of the grounds of the motion for a new trial was as follows: "Because it was error in the court to admit the discharge in bankruptcy of J. W. Crum in evidence over the objection of plaintiff, the said objection being that the plaintiff had no notice of the bankruptcy proceeding of J. W. Crum in the U. S. court." When the motion was filed, a subsequent day was fixed for the hearing thereof, and movant allowed until the hearing to prepare, have approved, and file a brief of the evidence. At such hearing a brief of what purported to be the oral evidence was approved and filed, but the brief did not contain a copy of the certificate of defendant's discharge in bankruptcy, nor any reference thereto. Counsel for plaintiff in error, in their brief filed in this court, urge the point that "the evidence does not show that J. W. Crum was discharged in bankruptcy, nor does the pleading." Plaintiff in error having complained, in one ground of its motion for a new trial, that the court erred in admitting, over its objection, the defendant's discharge in bankruptcy in evidence, having had the court to certify to the fact that such discharge was so admitted in evidence, and having invoked a ruling upon such ground by the court, which ruling was adverse to the plaintiff, it will not be heard to urge in this court that it does not appear that the fact stated in such ground is true; in other words, that it does not appear that the defendant was discharged in bankruptcy. Such admission in the motion for a new trial will be considered as a judicial admission, dispensing with the rule of practice otherwise necessary to be followed in bringing up the evidence where a motion for a new trial has been made and overruled.

3. Considering the certificate of discharge in bankruptcy as being in evidence, it was conclusive in favor of the bankrupt of the fact and regularity of such discharge. The language of the bankrupt act of 1898, section 17, in so far as is applicable to this case, is as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." The contention of the plaintiff in the present case was, that it had no notice or actual knowledge of the proceedings in bankruptcy wherein the defendant was discharged. As will be seen from the

portion of the bankrupt act just quoted, the mere fact that a creditor holding a provable debt had neither notice nor actual knowledge of the proceedings in bankruptcy would not prevent the discharge from releasing the bankrupt from such debt, but it would have to further appear that the name of the creditor and the debt were not duly scheduled. There was no pretense in the present case that the name of the plaintiff and its debt were not duly scheduled as the bankrupt act requires. See, in this connection, In re Monroe, 114 Fed. Rep. 398. As the debt sued on was shown to have been in existence at the time of the adjudication in bankruptcy, it follows that the verdict in favor of the defendant was demanded under the evidence, and therefore it is unnecessary to deal with alleged errors in the charge of the court.

*Judgment affirmed. All the Justices concur.*