## MARSHALL *v.* ENGLISH-AMERICAN LOAN AND TRUST COMPANY.

1. Under the act providing for the amendment of bills of exceptions in certain cases (Acts 1905, p. 84), it was required that the amendment be certified by the judge within 20 days after the passage of the act, in cases then pending, and within 20 days after the date of the certificate to the bill of exceptions in cases in which bills of exceptions should thereafter be certified. The amendment offered in the present case came too late, and can not be considered.

2. To a judgment rendered by the court passing upon questions both of law and fact, an assignment of error in this language: "and the defendant assigns error generally upon said judgment," fails to specify any error, and can not be considered.

3. There was not sufficient evidence to show that the bankrupt had duly scheduled the debt owing to the plaintiff, or that the plaintiff had notice or actual knowledge of the proceedings in bankruptcy. Such being true, the discharge was not operative against the plaintiff, and the judgment of the lower court will be affirmed.

Submitted July 18, 1906.—Decided January 17, 1907.

Garnishment. Before Judge Henderson. City court of Vienna. January 27, 1905.

*Whipple & McKenzie* and *E. F. Strozier,* for plaintiff in error.
*Hill & Royal,* contra.

ATKINSON, J. 1. The amendment to the bill of exceptions presented by counsel and certified by the judge can not be considered. The act of 1905 (Acts 1905, p. 84) provides that under certain circumstances bills of exceptions may be amended as to the evidence set forth therein, when no brief of evidence has been filed as a part of the record. Such amendment, however, must be certified by the judge within 20 days after the passage of that act, in cases then pending, or within 20 days after the certificate to the bill of exceptions in cases in which bills of exceptions are thereafter certified. The amendment in the present case was neither within 20 days from the passage of the act nor within 20 days from the filing of the bill of exceptions.

2, 3. The second assignment of error is too general and can not be considered. *Peavy* v. *Atkinson,* 108 *Ga.* 167, and cit. The case must therefore be determined on the first assignment of error only. Dealing with this assignment of error: The bankrupt act expressly provides that a debt shall not be discharged when the debt, with the name of the creditor, if known to the bankrupt, has not been

duly scheduled in time for proof and allowance in the bankrupt court. 1 Fed. Statutes, Annot. 578. If the creditor has no notice or actual knowledge of the proceedings in bankruptcy and the debt has not been duly scheduled, the discharge is not operative against such creditor, but mere want of notice or actual knowledge of the proceedings in bankruptcy will not prevent the discharge from becoming operative if the debt has been duly scheduled. *Beck & Gregg Co.* v. *Crum,* ante, 94. The evidence in this case shows that the creditor did not have notice or actual knowledge of the proceedings in bankruptcy. The case therefore depends upon whether the debt had been duly scheduled. The only evidence in the bill of exceptions on the question of scheduling is a statement that there was introduced in evidence a certified list of the creditors of the bankrupt as furnished by him when he obtained his discharge in bankruptcy, such list showing, among other creditors, the name of the English-American Trust Company, New York City. The creditor proceeding against the bankrupt now is the English-American Loan and Trust Company, of Atlanta, Georgia. If this scheduling was intended to embrace the creditor now proceeding, there is a mistake not only in the name of the corporation, but also in its residence. The two are not identical either in name or place of residence, but upon the face of the record, unexplained, they appear to be entirely different. This being true, it can not be said that the debt owing to this plaintiff was shown to have been duly scheduled. It follows that the evidence submitted to the court below authorized a finding that this debt was not discharged, and hence the court did not err in finding to that effect. The debt not being discharged and there being no other reason urged why the funds of the bankrupt in the hands of the garnishees were not subject, the court properly subjected the fund to the payment of the debt. Counsel for plaintiff in error, among other authorities, cites the case of *Heard* v. *Arnold,* 56 *Ga.* 570, which holds that "the claim of a creditor is barred by a discharge of the debtor in bankruptcy, although his name was not placed in the schedule, nor any notice given to him personally or by mail, the notice by publication in two newspapers having been given according to the bankrupt law." That case does not control the case under consideration. It was based upon the bankrupt act of 1867. The case before us rests upon the bankrupt act of 1898. By the terms of the latter act it is expressly provided in subsection

3 of § 17, chap. 3, that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." It will be seen, therefore, that under the evidence submitted in the court below, this case comes within those which are expressly excepted from the operation of the act, and the case is controlled by that statute and not by the older decision in the case of *Heard* v. *Arnold,* supra, based upon the act of 1867, which did not contain such an express provision as that to which reference has just been made.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*