## 10300.　TRAVIS *v.* SAMS.

1. Where one of the signers of a promissory note on which was an entry showing that after maturity it was paid by him brought an action thereon against the other signer, alleging that he signed it merely as an accommodation indorser for the defendant and did not receive any part of the loan which was the consideration recited in the note, the suit was not subject to demurrer on the ground that it appeared that the note had been paid. Under the allegations of the petition the plaintiff, being merely a surety, was, on his payment of the note, subrogated to the payee's rights against the principal.

2. The defendant having pleaded and proved his discharge in bankruptcy, and it not appearing that the debt sued on had not been scheduled in the bankruptcy proceeding, although the plaintiff testified that he received no notice of the bankruptcy and did not know of it, the trial judge erred in rendering judgment for the plaintiff.

3. A question of fact being involved, the judge of the superior court, on certiorari, did not err in granting a new trial instead of rendering final judgment for the defendant.

DECIDED MAY 7, 1919.

Certiorari; from Fulton superior court—Judge Pendleton. December 2, 1918.

*R. R. Jackson,* for plaintiff in error.

*R. Low Reynolds, Dorsey, Shelton & Dorsey,* contra.

BROYLES, P. J. 1. A surety who has paid the debt of his principal is subrogated both at law and in equity to all the rights of the creditor. Civil Code (1910), § 3567. In this case S. Sams sued J. G. Travis on a promissory note signed by both parties and which recited that it was "for money loaned." On the back of the note was the following indorsement: "Feb. 28, 1912, paid by S. Sams, Brooks, Ga." By an amendment to the petition it was alleged that Sams signed the note merely as an accomodation indorser for Travis, and received none of the money loaned on the note, that when the note matured Travis did not pay it, and that he (Sams) paid it on February 28, 1912. Under this amendment the court did not err in overruling the demurrer which set up that the petition showed on its face that the note had been paid by one of the joint obligors and that the plaintiff accordingly had no right of action on the note. This ruling is not in conflict with the holding in *Cason* v. *Heath,* 86 Ga. 438 (12 S. E. 678), cited by counsel for the plaintiff in error; for there the note was paid by the maker, and not by a surety or accommodation indorser.

2. The discharge of a bankrupt is not operative against a creditor who had no notice or actual knowledge of the proceedings in bankruptcy, and whose claim was not duly scheduled; but mere want of such notice or knowledge will not prevent the discharge from becoming operative *if the debt was duly scheduled. Beck & Gregg Hardware Co.* v. *Crum,* 127 Ga. 94 (56 S. E. 242); *Marshall* v. *English-American Loan & Trust Co.,* 127 Ga. 376 (56 S. E. 449). In this case the evidence showed that the plaintiff had no notice or knowledge of the proceedings in bankruptcy, but it was silent as to whether his claim was duly scheduled therein.

The trial court, therefore, erred in rendering judgment in his favor, and the judge of the superior court, on certiorari, properly granted a new trial, and, as a question of fact was involved, did not err in failing to render a final judgment for the defendant.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*