*Willard W. Burgess, F. Holmes Jackson,* for plaintiff.

*J. B. Jackson,* for defendant.

---

10699. BANK OF LAFAYETTE *v.* PHIPPS *et al.*

JENKINS, P. J. The Bank of LaFayette, Ga., brought an action against E. F. Phipps and his mother, Mrs. Anna Phipps, upon certain promissory notes signed by them apparently as joint makers. Both defendants admitted the execution of the notes, but E. F. Phipps interposed a plea setting up as a defense his discharge in bankruptcy, and Mrs. Anna Phipps set up as a defense that she signed the notes merely as surety for her son, and that, being a feme covert, she could not legally become surety; that the plaintiff charged a usurious rate of interest on the notes, having collected eight per cent. interest in advance, and, the notes having contained a waiver of homestead, her risk as surety was thereby increased, and she was for this reason discharged from any liability as surety on the notes. Upon the trial of the case the defendant E. F. Phipps introduced in evidence a certified copy of his discharge in bankruptcy, and the trial court, in the charge to the jury, directed a verdict in his favor. The evidence in behalf of the defendant Mrs. Anna Phipps tended to establish her plea as made, while that in behalf of the plaintiff tended to show that she not only received a part of the consideration of the notes, but that the advance was actually made partly upon her credit, to her and for her, and that she was therefore not merely a surety, but a joint obligor with her

son. The jury returned a verdict for the defendants; the plaintiff made a motion for a new trial, and to the judgment overruling the motion the plaintiff excepted. *Held:*

1. It being shown by the evidence that the indebtedness sued on, which was provable in bankruptcy, was in existence at the time one of the defendants filed a petition in bankruptcy, and this defendant having introduced in evidence a certified copy of his discharge in bankruptcy, the trial court did not err in directing a verdict in his favor; there being no insistence upon the part of the plaintiff that it did not have notice or actual knowledge of the proceedings in bankruptcy, or that the debt and the name of the creditor were not duly scheduled. *Beck & Gregg Hardware Co.* v. *Crum,* 127 *Ga.* 94 (56 S. E. 242); *Travis* v. *Sams,* 23 *Ga. App.* 713 (99 S. E. 239 (2); Kreitlein *v.* Ferger, 238 U. S. 21 (59 Law. ed. 1184). The second special ground of the motion for a new trial is therefore without merit.

2. It is the duty of the trial judge, without any written request, to state to the jury with equal fullness, and fairly to each side, the contentions of both parties, and in doing so no material contention of either party should be omitted. *Cochran* v. *Jones,* 85 *Ga.* 678, 682 (11 S. E. 811); *Whelchel* v. *Gainesville Ry. Co.,* 116 *Ga.* 431 (3) (42 S. E. 776); *Seaboard Air-Line Ry.* v. *Sikes,* 4 *Ga. App.* 7 (6), 12 (60 S. E. 868); *Georgia Brokerage Co.* v. *Frazier,* 11 *Ga. App.* 498 (75 S. E. 827). Thus, where to a suit on a promissory note the defendant, a married woman, admits a prima facie case, but interposes such a plea as the one entered by the defendant in this case, "the plaintiff is not required to file a replication in order to contest the justice of the plea. In charging the jury upon the issues involved on the trial of such a case it is the duty of the presiding judge to submit to the jury the contentions of the plaintiff in reply to such plea, taking such contentions from the evidence." *Parker* v. *Parrish,* 18 *Ga. App.* 258 (89 S. E. 381). The trial judge, in charging upon the contentions of the parties, stated fully those of the defendant Mrs. Phipps as set up in her plea, but failed to state the contrary contention of the plaintiff, which was to the effect that this defendant had participated in the procurement of the loan as a credit extended in part to and for herself. While, later on, instructions were given for the purpose of drawing the legal distinction between a principal and a surety, and the difference in the legal effect of such contracts when entered upon by a married woman, still it is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contention. *Atlanta Railway Co.* v. *Gardner,* 122 *Ga.* 82, 93 (49 S. E. 818).

3. Error was assigned upon the following excerpt from the charge of the court: "But the distinction is simply this, whether or not she (the defendant) meant originally to borrow the money herself, to obtain the money, or to get consideration out of the loan, or whether she meant merely to go surety for her son, in order to extend to him a credit or obligation upon the part of the bank in order to aid him in his financial difficulties, if he had financial difficulties, so, if in that way she became surety, she would not be bound at all; but if it was

an original undertaking on her part, she would be bound." *Held:* Whether the relationship of a promisor to his or her payee is that of joint principal, or that of surety, is a question to be determined by the facts, and is not to be governed by the opinion that either of the parties to the contract might have entertained. *Duckett* v. *Martin,* 23 *Ga. App.* 630 (99 S. E. 151 (3)). Thus, the charge of the court making the undisclosed intention and private *understanding of* the defendant the criterion by which the jury were to determine her relationship to the notes was not a correct statement of the rule. *Third National Bank* v. *Poe,* 5 *Ga. App.* 113 (62 S. E. 826).

4. While the excerpt from the charge complained of in the sixth special ground of the motion for a new trial is not of itself an entirely accurate statement of the law, yet, when considered in connection with the entire charge, it is not such error as would of itself require the grant of a new trial.

5. It was a disputed issue as to whether a note for $36, given for interest, represented eight per cent. interest by way of discount in advance, or was given for accrued interest. Even though it be conceded that a portion of the amount of this interest note represented usury, it having been executed prior to the passage of the act of 1916 (Ga. L. 1916, p. 48), the court erred in charging the jury as follows: "There is a little note of some thirty-six dollars, alleged to have been given in payment of interest. I charge you, although she [the defendant] might not have been surety, but might have been a joint obligor of the note, yet if the bank charged this interest, it was usurious interest, as to small note, thirty-six dollars, she would not be liable for that in any event, whether she was either surety or joint maker of the notes." See *Croom* v. *Jordan,* 20 *Ga. App.* 802 (93 S. E. 538); *West* v. *Atlanta Loan & Saving Co.,* 22 *Ga. App.* 184 (95 S. E. 721).

6. The request to charge set out in the eighth special ground of the motion for a new trial was not applicable to the facts of this case, and the court did not err in refusing the request. The other alleged errors not specifically considered and disposed of are not likely to recur on another trial.

*Judgment reversed. Stephens and Smith, JJ., concur.*

DECIDED DECEMBER 16, 1919.

Complaint; from Walker superior court—Judge Wright. June 6, 1919.

*Shattuck & Shattuck,* for plaintiff.

*Rosser & Shaw,* for defendants.