## 15441. BELL *v.* GEORGIA CHEMICAL WORKS.

Discharge in bankruptcy results from proper and timely scheduling of the debt, or from notice to the creditor, or actual knowledge on his part, of the proceedings in bankruptcy. To work a discharge, the schedule should be filed or there should be such notice or knowledge within one year after the adjudication in bankruptcy.

Where discharge in bankruptcy is set up as a defense to a suit against a bankrupt on a debt existing at the time of the filing of the petition in bankruptcy, a prima facie defense is made out by introducing in evidence the order of discharge. The burden is then cast upon the plaintiff to show that the debt was by law excepted from the operation of the discharge.

Under the facts of this case it was error for the court to direct a verdict for the plaintiff.

DECIDED DECEMBER 17, 1924.

Complaint; from city court of Bainbridge—Judge Spooner. January 28, 1924.

*Harrell & Custer,* for plaintiff in error.

JENKINS, P. J. 1. Section 17, subdivision 3, of the bankruptcy act of the United States (U. S. Comp. Stat. § 9601) provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as .. . have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." Thus a discharge in bankruptcy results either from the proper and timely

scheduling of the debt, though the creditor had neither notice nor actual knowledge of the proceedings in bankruptcy (*Beck & Gregg Hardware Co.* v. *Crum,* 127 *Ga.* 94 (3), 95, 96, 56 S. E. 242; *Marshall* v. *English-American Loan Co.,* 127 *Ga.* 376 (3), 377, 56 S. E. 449; *Travis* v. *Sams,* 23 *Ga. App.* 714 (2), 99 S. E. 239; *Bank of LaFayette* v. *Phipps,* 24 *Ga. App.* 613 (1), 101 S. E. 296), or, in the absence of such proper and timely scheduling, if the creditor "had notice or actual knowledge of the proceedings in bankruptcy." *Peterson* v. *Calhoun,* 137 *Ga.* 799 (74 S. E. 519); *Brooks* v. *Pitts,* 24 *Ga. App.* 386 (2) (100 S. E. 776); *Bank of Wrightsville* v. *Four Seasons,* 21 *Ga. App.* 453 (94 S. E. 649). But in order for either to work a discharge, since section 57, subdivision n, of the act (U. S. Comp. St. § 9641) requires the filing of a creditor's claim within one year after the bankruptcy adjudication, the schedule of the debt should be filed, or the notice or actual knowledge of the bankruptcy should be received, within that period, and also within such time as to give the creditor "an equal opportunity with other creditors, not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate, or to deprive him of dividends." Birkett *v.* Columbia Bank, 195 U. S. 345, 350 (49 Law. ed. 231, 232; 12 Am. B. R. 691); Collier, Bkr. (13th ed.) 632, 633.

2. A prima facie defense to a suit against a bankrupt on a debt existing at the time of filing the petition in bankruptcy is made out by the introduction in evidence of the order of discharge in bankruptcy, the burden being then cast upon the plaintiff to show that because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued upon was by law excepted from the operation of the discharge. Kreitlein *v.* Ferger, 238 U. S. 21 (1) (35 S. Ct. 685, 59 Law. ed. 1184, 1186).

3. It appears that the defendant was adjudicated a bankrupt on October 12, 1921; that his original schedules omitted the name and claim of the plaintiff, but that an amendment including the same was filed and allowed on December 15, 1922. This amended schedule, however, being subsequent to the year after adjudication, within which the plaintiff could have filed his claim in bankruptcy, was too late to avail in effecting a discharge of the debt. The record, however, shows that the plaintiff had "notice or actual

knowledge of the proceedings in bankruptcy" within the statutory time. After the adjudication on October 12, 1921, and the filing of suit on the note on May 30, 1922, the defendant, on June 17, 1922, filed in the instant case a plea, setting up both his adjudication and the proceedings in bankruptcy, and his intention to apply to the United States court for leave to amend his schedules so as to include the plaintiff's note. This afforded to the plaintiff notice in judicio of the matter in compliance with the bankruptcy law. The discharge being pleaded, the claim being a dischargeable debt, the order of discharge being introduced, showing on its face the adjudication and full compliance with the law, and notice appearing, it was error to direct a verdict for the plaintiff. It does not appear that the delay in giving notice of the bankruptcy from October, 1921, to June, 1922, resulted in the loss of any substantial right to the plaintiff creditor in resisting the defendant's discharge or in otherwise participating in the bankruptcy proceeding, but, in any event, the burden of showing such a fact rested upon the plaintiff.

*Judgment reversed. Stephens and Bell, JJ., concur.*