### 24527. COPPEDGE v. AYCOCK MORTGAGE & BOND CORPORATION.

JENKINS, P. J. 1. "A prima facie defense to a suit against a bankrupt on a debt existing at the time of filing the petition in bankruptcy is made out by the introduction in evidence of the order of discharge in bankruptcy, the burden being then cast upon the plaintiff to show that because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued upon was by law excepted from the operation

of the discharge." *Bell* v. *Ga. Chemical Works*, 33 *Ga. App.* 286, 287 (2) (125 S. E. 871); *Beck & Gregg Hardware Co.* v. *Crum*, 127 *Ga.* 94 (3) (56 S. E. 242); *Travis* v. *Sams*, 23 *Ga. App.* 713 (2), 714 (99 S. E. 239); Kreitlein *v.* Ferger, 238 U. S. 21 (35 Sup. Ct. 685, 59 L. Ed. 1184, 1186); 1 Collier on Bankruptcy (13th ed.), 640, 1933 Supp. 224, and cit. The holding in *Marshall* v. *English-American Loan & Trust Co.*, 127 *Ga.* 376 (3), 377 (56 S. E. 449), that "there was not sufficient evidence to show that the bankrupt had duly scheduled the debt owing to the plaintiff, or that the plaintiff had notice or actual knowledge of the proceedings in bankruptcy," and that therefore "the discharge was not operative against the plaintiff," does not run counter to these authorities. In that case, as the court said, the evidence showed that "the creditor did not have notice or actual knowledge of the proceedings in bankruptcy," and a schedule of creditors, which was in evidence, showed that the scheduled corporate creditor, while bearing a name somewhat similar to that of the plaintiff, was "not identical either in name or place of residence, but upon the face of the record, unexplained, they appear to be entirely different." The question, therefore, was not one as to the burden of proof, but was as to the construction of the evidence.

2. The instant defendant having filed a plea of discharge in bankruptcy, and offered in evidence a certificate of his discharge, dated January 30, 1933, discharging him from all provable debts existing at the time of his adjudication as a bankrupt on November 4, 1932, and the plaintiff's claim being based upon promissory notes dated December 20, 1929, a presumption arose upon the introduction of the certificate of discharge that the plaintiff's debt was duly scheduled and was discharged, in the absence of any proof to the contrary. It was therefore error for the trial judge, sitting without a jury, to render judgment in favor of the plaintiff upon the ground that there was no evidence that the debt was scheduled in the bankruptcy proceedings.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 9, 1935.

*H. C. Holbrook,* for plaintiff in error.   *Alvin L. Richards,* contra.

