## 25485. COPPEDGE v. AYCOCK MORTGAGE AND BOND CORPORATION.

MacINTYRE, J. 1. A discharge in bankruptcy is based either on the proper and timely scheduling of the debt, or on the fact that the creditor had notice or actual knowledge of the bankruptcy proceeding; but for either to work a discharge, the schedule of the debt should be filed, or the notice or knowledge of the bankruptcy should be received, within one year after the bankruptcy adjudication, and within such time as to give the creditor an equal opportunity with other creditors to participate in the affairs of the estate. *Bell* v. *Georgia Chemical Works*, 33 *Ga. App.* 286 (125 S. E. 871), and cit.

2. "A prima facie defense to a suit against a bankrupt on a debt existing at the time of filing the petition in bankruptcy is made out by the introduction in evidence of the order of discharge in bankruptcy, the burden being then cast upon the plaintiff to show that because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued on was by law excepted from the operation of the discharge. Kreitlein v. Ferger, 238 U. S. 21 (35 Sup. Ct. 685, 59 L. ed. 1184, 1186)." Bell v. Georgia Chemical Works, supra, Coppedge v. Aycock Mortgage & Bond Corporation, 51 Ga. App. 248 (179 S. E. 909), and cit.

3. Under the above authorities, W. H. Coppedge, who was adjudicated a bankrupt on November 4, 1932, and discharged in bankruptcy on January 30, 1933, made a prima facie defense to the suit against him on a provable debt existing at the time of the filing of the petition in bankruptcy, by introducing in evidence the certified copy of the order of his discharge in bankruptcy; but, in the absence of evidence to the contrary, this prima facie defense was overcome by the plaintiff's introducing as a witness an attorney who testified in substance that he was familiar with bankruptcy proceedings, and "several months since" the case was tried on October 23, 1935, he examined "all the records in the bankruptcy of William H. Coppedge, and . . read carefully all the schedules filed, and . . the debt sued on . . was not listed;" and by the further testimony of the president of the plaintiff corporation, to the effect that he kept the books of the plaintiff and "looked after all" of its business "himself," and that he did not know that Coppedge was in bankruptcy until after the present suit was filed, and had no notice whatever of his being in bankruptcy.

4. The plaintiff having made out its case by introducing in evidence the notes declared upon, and the only defense being based on the plea of bankruptcy, the court did not err in overruling the motion for new trial.

5. The facts of this case do not warrant the assessment of damages against the plaintiff in error for a "frivolous appeal."

Judgment affirmed. Broyles, C. J., and Guerry, J., concur.

DECIDED OCTOBER 29, 1936.

H. C. Holbrook, for plaintiff in error.
Alvin L. Richards, contra.

