## 27481. HUNTER *et al. v.* HALL.

DECIDED JULY 15, 1939. REHEARING DENIED JULY 26, 1939.

*F. M. Gleason,* for plaintiffs. *S. W. Fariss,* for defendant.

STEPHENS, P. J. On July 8, 1936, an execution in favor of G. E. Hunter et al., against E. P. Hall, was levied on certain real estate. The defendant filed his affidavit of illegality, in which he set up that the property levied on was not subject to the execution, in that the judgment debt had been discharged in bankruptcy. On the hearing the following facts appeared: On December 30, 1922, E. P. Hall Sr. executed to his wife a warranty deed conveying certain property (being the property levied on) to secure a loan of $1700, which deed was recorded on February 17, 1928. On November 6, 1930, G. E. Hunter and four other plaintiffs jointly sued Hall and procured a judgment against him on a provable

claim, on which judgment an execution issued, and on November 26, 1930, it was recorded on the general execution docket of the county where the property was located. The judgment and the execution were in favor of G. E. Hunter "et al." On September 15, 1933, Hall was adjudicated a bankrupt, and on November 21, 1933, was granted a discharge from all provable debts. It appears that this judgment was scheduled in the bankruptcy petition as an unsecured claim of "G. E. Hunter et al., LaFayette, Georgia, Kensington, Georgia (others unknown), judgment, $1180.24." It does not appear that the judgment creditors proved their claim in the bankruptcy court. On June 12, 1934, Hall paid to his wife the amount of the loan, and she had the deed marked canceled of record. On July 6, 1936, the execution issued on the judgment was levied on the property described in the deed from Hall to his wife. It appeared from the evidence that one of the five judgment creditors received a written notice of the adjudication of the defendant in fi. fa. as a bankrupt; that one of the remaining four had actual knowledge thereof before the bankrupt's discharge; and that two of the others had knowledge thereof, but whether it was before or after discharge they did not know. As to the remaining creditor, the record is silent as to whether he had any knowledge or not. The court directed a verdict for the defendant in fi. fa. The plaintiffs moved for a new trial on the general grounds, and on the ground that the court erred in directing the verdict. To a judgment overruling the motion the plaintiffs excepted.

In order to obtain a discharge from a provable debt, a bankrupt must list such creditor, giving his name and address, if known; and if not known, that fact must be stated, unless such creditor had actual notice or knowledge of the proceedings in bankruptcy. U. S. C. A. title 11, § 25, and cases cited in note 21, p. 361, § 35, and cases cited in note 141 et seq.; *Marshall* v. *English-American Loan & Trust Co.*, 127 *Ga.* 376 (3) (56 S. E. 449); *Brooks* v. *Pitts*, 24 *Ga. App.* 386 (2) (100 S. E. 776); Re Beerman (D. C. Ga.), 112 Fed. 662, 7 Am. Bankr. R. 434. A slight alteration in the name of the creditor has been held sufficient to invalidate the *schedule*. Note 22 to section 25 of 11 U. S. C. A.; *Marshall* v. *English-American Loan & Trust Co.*, supra. "Extreme exactness must be used in describing the creditor by name, or he will not be 'duly sched-

uled.' . . When the creditor is a copartnership whose claim has been reduced to judgment in favor of the individuals, the name both of the firm and of the individuals should be set out." 1 Collier on Bankruptcy (13th ed.), 629, § 17. The "et al" following the name of G. E. Hunter, one of the judgment creditors, does not designate any person or persons. *Orr* v. *Webb,* 112 *Ga.* 806 (2) (38 S. E. 98) ; *Farr* v. *Farr,* 113 *Ga.* 577 (38 S. E. 962) ; *Greene* v. *Barron,* 119 *Ga.* 901 (47 S. E. 188). The bankrupt can not say that he did not know the names of the other four judgment creditors, as he was in court and defended the suit in which the judgment was obtained, which suit was instituted by the five judgment creditors as plaintiffs. The knowledge on the part of an unlisted or insufficiently listed creditor of the bankrupt, referred to in the statute, is actual knowledge, and such knowledge must be acquired within one year after the adjudication in bankruptcy. Constructive notice is not sufficient. Birkett *v.* Columbia Bank, 195 U. S. 345 (25 Sup. Ct. 38, 49 L. ed. 231) ; *Bell* v. *Georgia Chemical Works,* 33 *Ga. App.* 286 (125 S. E. 871).

It appearing that the judgment debt in this case was not listed with the names of the judgment creditors given, although the bankrupt knew or should have known their names, and it appearing that only two of such five creditors had knowledge of the bankruptcy proceedings before the bankrupt's discharge, it is our opinion that this judgment debt was not duly scheduled, that the schedule as to it was insufficient and invalid, and that the judgment debt attempted to be scheduled was not discharged. The judgment debt, not having been discharged in bankruptcy, was still in force when the judgment debtor acquired title to the property levied on after his discharge in bankruptcy. The evidence did not demand a verdict for the defendant in fi. fa. The above rulings being controlling, it is not necessary to decide any other question. The court did not err in overruling the motion to dismiss the affidavit of illegality, but erred in directing the verdict for the defendant in fi. fa., and in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*

Felton, J., concurring specially. I am inclined to the view that the debt was discharged as to those creditors who were actually listed and those who had notice in time to file a claim, but that the lien of the judgment was not discharged as to property of the

bankrupt which was not administered by the bankruptcy court.  I am of the opinion that the creditors have the right to proceed as against the equity of redemption owned by the bankrupt at the time of his adjudication, regardless of notice.  Those who were not listed and had no notice may proceed against the property owned by the bankrupt either before or after his discharge.