### 32363. TYLER *v.* JONES COUNTY BANK.

DECIDED MARCH 4, 1949.

*Roy B. Rhodenhiser Jr.*, for plaintiff in error.
*John R. L. Smith*, contra.

SUTTON, C. J. Jones County Bank sued M. O. Kitchens and M. D. Tyler, in Bibb County Superior Court, on a series of promissory notes, dated January 16, 1946. The defendant Tyler filed a plea of bankruptcy.

The case was tried before the judge of the superior court, without the intervention of a jury; and the plaintiff made out a prima facie case by introducing in evidence the notes sued on. These notes were signed by M. O. Kitchens and M. D. Tyler and were made payable to Jones County Bank. The defendant introduced in evidence a certified copy of his discharge in bankruptcy, showing that he was adjudged a bankrupt, on March 29, 1946, in the United States District Court, Macon, Georgia, and that he was granted a discharge on June 21, 1946. The plaintiff bank then proved by a certified copy of the schedules of the bankruptcy petition filed by M. D. Tyler that Jones County Bank was not named in the bankruptcy schedules. "Haddock Bank, Haddock, Georgia" was listed in the schedule.

The referee in bankruptcy in Macon, Georgia, as a witness for the defendant, testified that he mailed notices to all of the creditors listed in the bankruptcy schedules of M. D. Tyler, including Bank of Haddock at Haddock, Georgia, and that none of them had been returned to him, though they were mailed in regular United States envelopes bearing his return address; that a notice of the first meeting of creditors was published in the Macon News, and subsequent notices were published relating to the granting of the discharge to M. D. Tyler.

G. A. Smith, the President of Jones County Bank, testified as to the balance due on the notes sued on; that he did not know

that M. D. Tyler had gone in bankruptcy until April 2, 1947, when M. O. Kitchens made a payment on said notes and informed. him of this fact; that he alone was authorized to open the bank's mail, and that he never received any notice of M. D. Tyler's. bankruptcy from the referee; that Haddock, Georgia, is a town of only a few hundred people, and he received his mail at a post-office box there, and he presumed that a letter addressed to the Bank of Haddock at Haddock, Georgia, would be placed in his box; that Jones County Bank was the only bank in Haddock, Georgia; that they received both the Macon Telegraph and the Macon News in Haddock, Georgia.

The trial judge rendered a judgment in favor of the plaintiff. The defendant Tyler made a motion for a new trial, which was overruled, and he excepted.

1. "A prima facie defense to a suit against a bankrupt on a debt existing at the time of filing the petition in bankruptcy is, made out by the introduction in evidence of the order of dis-' charge in bankruptcy, the burden then being cast upon the plain- tiff to show that, because of the nature of the claim, failure to give notice, or other statutory reason, the debt sued upon was by law excepted from the operation of the discharge." *Bell v.* *Georgia Chemical Works,* 33 *Ga. App.* 286, 287 (125 S. E. 871); Kreitlein *v.* Ferger, 238 U. S. 21 (1) (35 Sup. Ct. 685, 59 L. ed. 1184); *Coppedge* v. *Aycock Mortgage & Bond Corp.,* 51 *Ga. App.* 248 (179 S. E. 909).

2. "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . except such as . . have not been duly scheduled in time for proof and allowance, with the. name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." 11 U. S. C. A., § 35. Hence, "a discharge in bankruptcy results either from the proper and timely scheduling of the debt, though the creditor had neither notice nor actual knowledge of the proceedings in bankruptcy (*Beck & Gregg Hardware Co.* v. *Crum,* 127 *Ga.* 94 (3), 95, 96, 56 S. E. 242; *Marshall* v. *English-American Loan &c Co.,* 127 *Ga.* 376 (3); 377, 56 S. E. 449; *Travis* v. *Sams,* 23 *Ga. App.* 713, 714 (2), 99 S. E. 239; *Bank of LaFayette* v. *Phipps,* 24 *Ga. App.* 613 (1),

101 S. E. 696); or, in the absence of such proper and timely scheduling, if the creditor 'had notice or actual knowledge of the proceedings in bankruptcy.' *Peterson* v. *Calhoun*, 137 *Ga.* 799 (74 S. E. 519); *Brooks* v. *Pitts*, 24 *Ga. App.* 386 (2) (100 S. E. 776); *Bank of Wrightsville* v. *Four Seasons*, 21 *Ga. App.* 453 (94 S. E. 649)." But the schedule should be filed, or the notice or actual knowledge received within the time required by law, in order for either to work a discharge; and the time required in this respect was formerly within one year after the bankruptcy adjudication (Bankruptcy Act of July 1, 1898, § 57 n, Act of May 27, 1926, § 13), but now is "within six months after the first date set for the first meeting of creditors," with certain exceptions not applicable here. Bankruptcy Act of June 22, 1938, § 1, 11 U. S. C. A., § 93.

(a) It appears from the evidence that the plaintiff, Jones County Bank, was not listed as a creditor in the schedule in bankruptcy of the defendant. "Haddock Bank, Haddock, Georgia" was listed in such schedule. Jones County Bank was located in Haddock, Georgia, but the name of the plaintiff is entirely different from the one listed in the schedule. "A slight alteration in the name of the creditor has been held sufficient to invalidate the schedule. . . 'Extreme exactness must be used in describing the creditor by name, or he will not be "duly scheduled."'" *Hunter* v. *Hall*, 60 *Ga. App.* 493, 494 (4 S. E. 2d, 69). Also, see *Marshall* v. *English-American Loan &c. Co.*, supra, and 11 U. S. C. A., § 25, note 22, for cases where a slight alteration in the spelling of names has been held to invalidate the bankruptcy schedule. According to the evidence and the law applicable thereto, the plaintiff bank was not duly scheduled as a creditor of the bankrupt, and his discharge in bankruptcy did not release him from the debt in question by reason of its being scheduled.

(b) Did the plaintiff have notice or actual knowledge of the bankruptcy proceeding within the time required by law? The referee in bankruptcy testified that he mailed notices to all scheduled creditors, including "Haddock Bank, Haddock, Georgia," and that none of the notices were returned to him; and that notices of the bankruptcy proceeding were published in the Macon News. The president of the plaintiff, Jones County Bank, testi-

fied that he was the only one in the bank authorized to open its mail, that no such notice was received, and that he did not know of the bankruptcy proceeding until April 2, 1947, when M. O. Kitchens told him about it. "Where it is shown without dispute that a letter was properly addressed, stamped, and mailed, a presumption arises that it was received by the addressee. *National Building Assn.* v *Quinn,* 120 *Ga.* 358 (47 S. E. 962); *Bankers Mutual Casualty Co.* v. *Peoples Bank,* 127 *Ga.* 326 (56 S. E. 429). Such a presumption is not conclusive, and 'is entirely overcome by the uncontradicted evidence of the addressee that the letter was never received by him, unless there is aliunde evidence that it was in fact received.' *Rawleigh Medical Co.* v. *Burney,* 25 *Ga. App.* 20 (3) (102 S. E. 358)." *Barwick* v. *Walden,* 71 *Ga. App.* 824, 825 (32 S. E. 2d, 401), quoting *Home Insurance Co.* v. *Head,* 36 *Ga. App.* 779 (138 S. E. 275). The first information which the plaintiff had that the defendant had gone in bankruptcy, according to the testimony of the president of the bank, was on April 2, 1947, more than one year after the defendant was adjudged a bankrupt. This was too late to effect a discharge of the debt sued on. See 11 U. S. C. A., §§ 35, 93. Publication of notice of bankruptcy proceedings in a newspaper is not sufficient notice. Van Denburgh *v.* Goodfellow, 19 Cal. 2d, 217 (120 Pac. 2d, 20).

3. Under the evidence, the trial judge, sitting without a jury, was authorized to find that the plaintiff's debt was not duly scheduled in the bankruptcy proceedings, nor did the plaintiff have notice or actual knowledge thereof within the time required by law; and, consequently, the defendant's discharge in bankruptcy did not operate against the plaintiff's debt.

(a) The judgment in favor of the plaintiff was authorized under the law and the evidence, and the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*