## 35597. PATE v. MORROW.

QUILLIAN, J.  1.  Where one furnishes to another, who desires to file a voluntary petition in bankruptcy, the filing fees required by the bankruptcy act to be paid upon filing the petition, the debt is created simultaneously with the filing of the petition, and the borrower's discharge furnishes a complete defense to a suit brought by the lender to recover the amount advanced by him to pay the filing fees. Zavelo v. Reeves, 227 U. S. 625 (33 Sup. Ct. 365, 57 L. ed. 676); 11 U. S. C. A. §§ 103, 104. A case factually identical with the case at bar is In re Rosenstein, 2 Fed. Supp. 726.

2.  We recognize the holding in the case of Strohecker v. Irvine, 76 Ga. 639 (2 Am. St. R. 62), that property exempt under the homestead law of this State is subject to the lien of an attorney successfully defending the homestead against the attack of creditors. The principle pronounced in that case is not applicable to the question as to whether debts of the nature referred to in. the foregoing headnote are barred by the debtor's discharge in bankruptcy.

3.  Where an attorney represents a bankrupt through the bankruptcy proceeding, he necessarily has knowledge of the proceeding in time to prove and have allowed any debt owing to him by the bankrupt. It follows that, though the debt be not scheduled, it is barred by the bankrupt's discharge. Tyler v. Jones County Bank, 78 Ga. App. 741 (52 S. E. 2d 547); 11 U. S. C. A. § 35.

4.  A fixed liability absolutely arising when the bankruptcy petition is filed, though it be not yet matured at the time, is barred by the bankrupt's discharge. DeLong v. Mechanics & Metals National Bank, 153 N. Y. S. 1010 (35 American Bankruptcy Reports 610).

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs specially.*

DECIDED APRIL 18, 1955.

*Claude V. Driver,* for plaintiff in error.

*John M. Morrow,* pro se.

FELTON, C. J., concurring specially. I am of the opinion that a claim for filing fees paid by one other than a voluntary bankrupt is a provable claim by reason of the 1952 amendment to the Bankruptcy Act, which makes such a claim a debt with

second to the top priority. 11 U. S. C. A. 153, § 104. Were it not for this amendment, I would be inclined to doubt whether such a claim is provable because of the evident intent of the law prior to the 1952 amendment that the filing fees should in no event be paid out of the assets in the hands of the trustee for distribution. General Order 35, 11 U. S. C. A. § 35, Pkt. Supp., p. 11. In such case it would be idle to prove a claim which could not share in the distribution of the bankrupt's assets.