## 39013. COHEN v. LEVENSTEIM.

DECIDED SEPTEMBER 22, 1961.

*Alford Wall, W. Owen Slate,* for plaintiff in error.

*Theodore G. Frankel,* contra.

NICHOLS, Judge. The schedule of provable debts, a part of the bankruptcy proceeding, introduced in evidence showed, as to the debt under consideration: "M. Levensteim, transferee of Merchant's Mutual Credit Corporation c/o Chas. Weltner, Attorney, 1st Nat'l. Bank Bldg., Atlanta, Georgia. Judgment on note Civil Court Fulton County Case # 222360 5/4/51."

In *Beck & Gregg Hardware Co. v. Crum,* 127 Ga. 94 (56 SE 242), it was held that if a provable debt, in a bankruptcy proceeding, is properly scheduled the mere fact that the creditor has neither notice nor actual knowledge of the proceeding does not cause the debt not to be discharged. However, the case of *Marshall v. English-American Loan &c. Co.,* 127 Ga. 376 (56 SE 449), points out that where the debt is not properly scheduled and the creditor has neither notice nor actual knowledge of the proceeding the discharge of the bankrupt does not operate as against such creditor.

In 1952 the Federal Bankruptcy Act (66 Stat. 422, 11 USCA § 25), was amended so as to permit either the business or residence address of the creditor to be listed in the schedule of provable debts or if such address or addresses are unknown then a statement to such effect must be made.

In the case sub judice neither the address of the plaintiff creditor was shown nor was a statement that his address was unknown shown in the schedule. The address of an attorney was shown as the address of the creditor. However, assuming but not deciding that such address would be sufficient had the attorney been representing the creditor, the evidence demanded a finding that the attorney had never represented the plaintiff creditor, for the evidence disclosed without dispute that such attorney had only represented the assignor of the judgment and not the plaintiff creditor, the assignee.

The only other evidence of knowledge by an attorney of the defendant's bankruptcy, which knowledge might be attributable to the plaintiff creditor, was the testimony of an attorney who had represented the plaintiff creditor in an attempt to levy on the original judgment fi. fa. in 1951 prior to the bankruptcy

in 1953. This witness testified that he did know of the bankruptcy but did not recall how he obtained such information and had no recollection of informing the plaintiff creditor of such bankruptcy, that he did not remember how he heard of the bankruptcy, and that "he had never been appointed agent for [the plaintiff creditor] to receive anything for him but that he felt he was authorized to receive any money he could collect as attorney." Such evidence did not show the witness was the plaintiff's attorney at the time he learned of the bankruptcy.

While the defendant testified that he had personally told the plaintiff creditor of the bankruptcy such testimony was contradicted by the plaintiff's testimony that he was not so informed, and the judge, hearing the case without the intervention of a jury, was authorized to accept the testimony of the plaintiff and reject the testimony of the defendant on such issue.

The evidence authorized the finding that the plaintiff's judgment was not properly scheduled and that the plaintiff creditor did not have notice or actual knowledge of such bankruptcy so that the decision of the Supreme Court in *Marshall v. English-American Loan &c. Co.*, 127 Ga. 376, supra, and similar cases authorized the finding that the defendant's bankruptcy was not operative as against the plaintiff. The trial court did not err in overruling the defendant's motion for new trial based on the usual general grounds only.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*