## 52609. BROWN v. TUCKER PROFESSIONAL ASSOCIATES.

CLARK, Judge.

The single issue for decision is whether plaintiff appellee had actual knowledge of appellant defendant's voluntary bankruptcy which would have discharged defendant's debt as tenant to plaintiff landlord for rent owed by reason of defendant having vacated the premises before expiration of their lease.

The involved facts as adduced by both parties in support of their respective motions for summary judgment are as follows: Just before defendant vacated the premises he told Howell, one of plaintiff's two general partners, that he was in financial difficulty and had filed for bankruptcy. Howell in turn relayed this information to his partner, Green. Defendant had not in fact then filed for bankruptcy. It was not until more than five months had passed that he actually filed his voluntary petition in bankruptcy in which he did not list plaintiff as a creditor. During the intervening five months period defendant did not further discuss his financial problems with plaintiff. There is no evidence that plaintiff learned or was informed of defendant's *actual* filing at any time.

1. Section 17a (3) of the Bankruptcy Act, 11 USCA § 35 (a) (3) provides that "A discharge in bankruptcy shall release a bankrupt from all of his provable debts... except such as ... have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy, ...." After a creditor has shown that he was not duly scheduled, the burden shifts to the defendant-bankrupt to prove that the creditor had notice or actual knowledge of the proceedings. Venson v. Housing Authority of the City of Atlanta, 337 F2d 616 (5th Cir. 1964) affg. In re Venson, 234 FSupp. 271 (N.D. Ga. 1964). See *Coppedge v. Aycock Mtg. &c. Corp.,* 54 Ga. App. 437 (3) (188 SE 311).

2. Notice or knowledge must come at such a time as to give the creditor an equal opportunity with other creditors to avail himself of the benefits of the law and to participate in the administration of the estate of the bankrupt. Birkett v. Columbia Bank, 195 U.S. 345 (25 SC 38, 49 LE 231) (1904); *Tyler v. Jones County Bank,* 78 Ga. App. 741 (2) (52 SE2d 547); *Hunter v. Hall,* 60 Ga. App. 493, 495 (4 SE2d 69); *Bell v. Ga. Chemical Works,* 33 Ga. App. 286 (1) (125 SE 871).

"[A]ctual knowledge of the proceedings in bankruptcy," 11 USCA § 35 (a) (3), has been construed by one court to mean "knowledge of facts at least sufficient to apprise the creditor that a proceeding is actually commenced and where that proceeding is pending."

Lashover v. Audler, 171 S2d 834, 836 (La. Ct. App. 1965). See generally Application of Keilly, 47 Misc.2d 99 (262 NYS 2d 310) (1965).

The undisputed facts in this case are that defendant told one of plaintiff's general partners that he *had* filed for bankruptcy. This evidence of plaintiff's "knowledge" is, however, insufficient and of no significance because the information was not in fact true at that date. Misleading information such as that given here is not calculated to afford a creditor equal opportunity with other creditors to participate in the estate, and is not "actual knowledge" of the proceedings.

3. In his brief defendant argues that a genuine issue of fact exists because (1) the plaintiff had knowledge, and (2) rent was paid by his sublessee until six weeks after his actual filing of the petition in bankruptcy. As already noted, the first item does not amount to such knowledge as to discharge the defendant's debt to the plaintiff. Additionally, the fact that rent was paid by sublessee does not show that plaintiff had the requisite knowledge. At most it merely raises an inference that the payment of rent until that late date may have put plaintiff on notice.

The Bankruptcy Act § 17a (3), 11 USCA § 35 (a) (3) requires actual knowledge, not imputed or constructive knowledge. In re Venson, supra; Central Credit Corp., Mid-City Branch, Inc. v. Ravencraft, 258 S2d 560 (La. Ct. App. 1972). Mere inferences do not rebut specific facts. " 'In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.' *Ussery v. Koch,* 115 Ga. App. 463 (1) (a) (154 SE2d 879). As was said in *Floyd v. Colonial Stores,* 121 Ga. App. 852, 856 (176 SE2d 111): 'When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury.' " *Helms v. Young,* 130 Ga. App. 344, 348 (203 SE2d 253). Accordingly, the judgment is affirmed.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 21, 1976 — DECIDED SEPTEMBER 30, 1976.

*Hinkle & Bianco, Theodore P. Bianco,* for appellant.
*Troutman, Sanders, Lockerman & Ashmore, William G. McDaniel,* for appellee.